FILED
JUN 28 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN POSTAL WORKERS UNION, )
AFL-CIO )
1300 L Street, N.W. )
Washington, D.C. 20005, )
　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　) Civil Action No.
　　　　　　　　　　　　　　　　　)
NATIONAL POSTAL MAIL HANDLERS )
UNION, A DIVISION OF LABORERS' )
INTERNATIONAL UNION OF NORTH )      CASE NUMBER   1:05CV01290
AMERICA, AFL-CIO )
1101 Connecticut Avenue, N.W, )      JUDGE: Reggie B. Walton
Suite 500, )
Washington, D.C. 20036 )             DECK TYPE: Labor/ERISA (non-employment)
　　　　　　　　　　　　　　　　　)
　　　　　　and )                    DATE STAMP: 06/28/2005
　　　　　　　　　　　　　　　　　)
UNITED STATES POSTAL SERVICE, )
475 L'Enfant Plaza, S.W. )
Washington, D.C. 20260, )
　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants. )

**COMPLAINT TO VACATE AN ARBITRATION AWARD**

1. This is an action for breach of a collective bargaining agreement brought under Section 1208(b) of the Postal Reorganization Act, 39 U.S.C. §1208(b), by the American Postal Workers Union, AFL-CIO ("the APWU"), against the National Postal Mail Handlers Union, a Division of the Laborers' International Union, AFL-CIO ("the Mail Handlers"), and the United States Postal Service ("the Postal Service"), to vacate the award of Arbitrator Eric J. Schmertz in Case A90M-1A-J94010505 and A90M-1A-J94010504 ("the Award"), because the Award was in excess of

the arbitrator's authority under the tripartite agreement.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the parties under 39 U.S.C. §§409 and 1208(b), and under 28 U.S.C. §§1331, 1337, 2201, and 2202.

3. Venue is proper pursuant to 39 U.S.C. §1208(b) and 28 U.S.C. §1391.

### PARTIES

4. Plaintiff APWU is an unincorporated labor organization with its offices at 1300 L Street, N.W., Washington, D.C. 20005. The APWU is party to a collective bargaining agreement with the United States Postal Service and represents, for purposes of collective bargaining, approximately 350,000 employees of the Postal Service, including in the classifications comprising postal clerks nationwide.

5. Defendant Mail Handlers Union is an unincorporated labor organization with its offices at 1101 Connecticut Avenue, N.W, Suite 500, Washington, D.C. 20036. Defendant is party to a collective bargaining agreement with the United States Postal Service and represents, for purposes of collective bargaining, approximately 50,000 employees of the Postal Service in the "mail handler" classification nationwide.

5. The Postal Service is created under 39 U.S.C. §101 as an Independent Establishment of the Executive Branch of the United States Government. Postal Service headquarters are at 475 L'Enfant Plaza, S.W., Washington, D.C. 20260.

**STATEMENT OF FACTS**

6. On April 16, 1992, the APWU, the Mail Handlers and the Postal Service signed an agreement entitled "Memorandum of Understanding" pertaining to "Regional Instruction 399 - Dispute Resolution Procedures." That collectively bargained agreement (hereafter "the Dispute Resolution Procedures") established a "new procedure for resolving jurisdictional disputes" among the parties.

7. The dispute resolution procedure are the exclusive procedures for resolving jurisdictional disputes among the parties.

8. On April 16, 1992, the parties signed an agreement entitled "Memorandum of Understanding" concerning "Regional Instruction 399 - <u>TRANSITIONAL PROCEDURES</u>" (hereafter "the transitional agreement"). Under the transitional agreement, the parties agreed to review all jurisdictional grievances pending at the local, regional and national levels of the parties' grievance procedures and to refer those grievances to the appropriate level of the dispute resolution procedures.

9. The parties have appointed arbitrators to hear their jurisdictional disputes, including Arbitrator Eric J. Schmertz, in accordance with the dispute resolution procedures.

10. In the proceedings before Arbitrator Schmertz, the parties presented a jurisdictional dispute over whether the label room and copy room of the Brooklyn, N.Y., General Mail Facility should be staffed by clerks or mail handlers.

11. In the Award, Arbitrator Schmertz ruled that the jurisdictional dispute was not arbitrable under the dispute resolution procedures but was arbitrable under the bilateral grievance procedure in the collective bargaining agreement between the Postal Service and the Mail Handlers (to which the APWU is not a party).

12. The Award exceeded Arbitrator Schmertz's authority under the dispute resolution procedures, among other reasons, because (a) the dispute resolution procedures limit his authority to resolving jurisdictional disputes within the confines of the dispute resolution procedures themselves and do not permit him to rule on whether a jurisdictional dispute may be heard in the grievance procedure under the collective bargaining agreement between the Mail Handlers and the Postal Service (to which the APWU is not a party); and (b) contrary to the Award, the dispute resolution procedures and arbitration proceedings under those procedures are the exclusive procedures for resolving jurisdictional disputes among the parties.

## PRAYER FOR RELIEF

WHEREFORE, the APWU asks this Court to issue a decision and order vacating the Award and directing the parties to desist from complying with it, and such other and further relief to which the APWU may be entitled and which justice requires.

Respectfully submitted,

Anton G. Hajjar (D.C. Bar No. 359267)
Brenda C. Zwack (D.C. Bar No. 482673)
O'DONNELL, SCHWARTZ & ANDERSON
1300 L Street, NW, Suite 200
Washington, D.C. 20005-4178
Telephone (202) 898-1707
Facsimile (202) 682-9276

Dated: June 27, 2005