IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, <br><br> and <br><br> UNITED STATES POSTAL SERVICE, <br><br> Defendants. | Case No. 1:05-CV-01290 (RBW) |

DEFENDANT NATIONAL POSTAL MAIL HANDLERS UNION'S
ANSWER TO PLAINTIFF'S COMPLAINT TO VACATE ARBITRATION AWARD
AND
NATIONAL POSTAL MAIL HANDLERS UNION'S
COUNTERCLAIM AND CROSS-CLAIM
<u>TO CONFIRM ARBITRATION AWARD AND TO COMPEL ARBITRATION</u>

ANSWER

Defendant National Postal Mail Handlers Union, a Division of the Laborers' International Union of North America, AFL-CIO ("NPMHU"), through counsel, answers the numbered paragraphs of the Complaint to Vacate Arbitration Award ("Complaint") as follows:

1

1.     This paragraph states Plaintiff's legal theories and conclusions and therefore requires no response.  To the extent that a response is required, the NPMHU admits that this is an action for breach of a collective bargaining agreement arising under 39 U.S.C. § 1208(b), filed by Plaintiff American Postal Workers Union, AFL-CIO ("Plaintiff" or "APWU") against the NPMHU and Defendant United States Postal Service ("Postal Service"), which seeks to vacate an arbitration award issued by Arbitrator Eric J. Schmertz on March 28, 2005. The NPMHU otherwise denies the factual and legal allegations contained in this paragraph.

## Jurisdiction and Venue

2.     The NPMHU admits the allegations contained in this paragraph.

3.     The NPMHU admits the allegations contained in this paragraph.

## Parties

4.     The NPMHU admits the allegations contained in this paragraph, except that, to the knowledge of the NPMHU, Plaintiff represents fewer than 300,000 employees of the Postal Service.

5.     The NPMHU admits the allegations contained in this paragraph, except that the NPMHU represents more than 55,000 employees of the Postal Service.

5.     The NPMHU admits the allegations contained in this paragraph. (Please note that the Complaint designates two paragraphs as number 5.)

Statement of Facts

6. The NPMHU admits that, on April 16, 1992, the parties signed an agreement entitled "Memorandum of Understanding" pertaining to "Regional Instruction 399 – Dispute Resolution Procedures," but otherwise denies the allegations contained in this paragraph.

7. This paragraph states Plaintiff's legal theories and conclusions and therefore requires no response. To the extent that a response is required, the NPMHU denies the allegations contained in this paragraph.

8. The NPMHU admits that, on April 16, 1992, the parties signed an agreement entitled "Memorandum of Understanding" pertaining to "Regional Instruction 399 – Transitional Procedures," but otherwise denies the allegations contained in this paragraph.

9. The NPMHU admits that the parties have appointed arbitrators to hear their jurisdictional disputes, including Arbitrator Eric J. Schmertz, but otherwise denies the allegations contained in this paragraph.

10. The NPMHU denies the allegations contained in this paragraph.

11. The NPMHU admits that Arbitrator Schmertz issued an arbitration award dated March 28, 2005, but otherwise denies the allegations contained in this paragraph.

12. This paragraph states Plaintiff's legal theories and conclusions and therefore requires no response. To the extent that a response is required, the NPMHU denies the allegations contained in this paragraph.

The unnumbered paragraph following paragraph 12 of Plaintiff's Complaint, headed "Prayer for Relief," sets forth Plaintiff's legal theories and conclusions and therefore requires no response. To the extent that a response is required, the NPMHU denies the allegations contained in this paragraph.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims against the NPMHU are barred by the statute of limitations.

### COUNTERCLAIM AND CROSS-CLAIM TO CONFIRM ARBITRATION AWARD AND TO COMPEL ARBITRATION

1. Defendant/Counterclaimant NPMHU is a labor organization that maintains its principal business office in Washington, DC, and is engaged in representing more than 55,000 mail handlers employed nationwide by the Postal Service.

2. Plaintiff/Counterclaim Defendant APWU is a labor organization that maintains its principal business office in Washington, DC, and is engaged in representing postal clerks employed nationwide by the Postal Service.

3. Defendant/Cross-Claim Defendant Postal Service is an independent establishment of the Executive Branch of the United States

Government pursuant to 39 U.S.C. § 201, and is headquartered in Washington, DC.

    4.      The NPMHU, the APWU, and the Postal Service are parties to a tripartite agreement – entitled "Memorandum of Understanding" and concerning "Regional Instruction 399 – Dispute Resolution Procedures" ("MOU on Dispute Resolution Procedures") – that was signed by the parties on April 16, 1992.  This MOU on Dispute Resolution Procedures is a "contract" within the meaning of 39 U.S.C. § 1208(b).

    5.      The NPMHU and the Postal Service are parties to a series of collective bargaining agreements ("National Agreement(s)") covering mail handlers represented by the NPMHU and employed by the Postal Service, including mail handlers who are employees of the Postal Service at its Brooklyn, New York General Mail Facility.  The National Agreement is a "contract" within the meaning of 39 U.S.C. § 1208(b).

    6.      During October 1993, the NPMHU filed grievances under its National Agreement with the Postal Service protesting the assignment of APWU-represented clerks to the label room and the copy room at the Brooklyn, New York General Mail Facility operated by the Postal Service.  An arbitration to resolve that grievance was scheduled for March 2, 1999 in accordance with the National Agreement.

    7.      During February 1999, before the arbitration scheduled for March 2, 1999, the Postal Service unilaterally referred the grievances for resolution to another forum, created by the MOU on Dispute Resolution Procedures

referenced above.  Several years later, during 2005 and in accordance with that MOU on Dispute Resolution Procedures, the dispute was heard in arbitration by Arbitrator Eric J. Schmertz, with the full participation of representatives for all three parties, including Defendant/Counterclaimant NPMHU, Plaintiff/Counterclaim Defendant APWU, and Defendant/Cross-Claim Defendant Postal Service.

8. At the time that this arbitration hearing was pending, from January through March 2005, Arbitrator Schmertz was serving as a member of the panel of arbitrators appointed by the NPMHU, the APWU, and the Postal Service to resolve disputes arising under the MOU on Dispute Resolution Procedures.

9. A hearing was held before Arbitrator Schmertz on January 21, 2005 and February 18, 2005.  At this hearing, representatives of the NPMHU, the APWU, and the Postal Service had a full and fair opportunity to present, and did present, testimony, exhibits, and argument in support of their respective positions.  Arbitrator Schmertz also received post-hearing briefs from the parties in a timely manner.

10. The arbitration proceedings held before Arbitrator Schmertz were fair and regular in all respects, and were conducted in compliance with the MOU on Dispute Resolution Procedures.

11. On or about March 28, 2005, Arbitrator Schmertz rendered an arbitration award regarding the dispute.  In that award, Arbitrator Schmertz concluded that the dispute was arbitrable under the National Agreement

between the NPMHU and the Postal Service, but not arbitrable in the forum established under the MOU on Dispute Resolution Procedures. He therefore ordered the parties to arbitrate their dispute before another arbitrator appointed under the National Agreement between the NPMHU and the Postal Service.

12. Both Plaintiff/Counterclaimant APWU and Defendant/Cross-Claim Defendant Postal Service have, to this date, refused to allow the arbitration ordered by Arbitrator Schmertz's March 28, 2005 arbitration award to proceed under the National Agreement between the NPMHU and the Postal Service. This refusal to comply with Arbitrator Schmertz's arbitration award violates the MOU on Dispute Resolution Procedures and other governing contractual provisions.

13. Arbitrator Schmertz's March 28, 2005 arbitration award draws its essence from the MOU on Dispute Resolution Procedures and other governing contractual provisions; is neither the product of corruption nor against any specific, dominant public policy; and is not the result of evident bias or partiality. The award therefore should be enforced.

WHEREFORE, the NPMHU respectfully requests that the Court enter judgment confirming Arbitrator Schmertz's March 28, 2005 arbitration award; compelling the parties to participate in another arbitration hearing to decide the substance of the dispute, as required by Arbitrator Schmertz's March 28, 2005 arbitration award; further requiring the APWU and the Postal Service to

reimburse the NPMHU for the attorneys' fees and costs it has incurred in this action; and further granting other relief that the Court may deem appropriate.

                          Respectfully submitted,

                          /s/ Bruce R. Lerner
                          Bruce R. Lerner (DC Bar No. 384757)
                          Bredhoff & Kaiser, P.L.L.C.
                          Suite 1000
                          805 Fifteenth Street, NW
                          Washington, DC 20005
                          (202) 842-2600
                          (202) 842-1888 (fax)

                          Counsel for the
                          National Postal Mail Handlers Union

Date: August 26, 2005