UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
AMERICAN POSTAL WORKERS UNION, )
AFL-CIO                        )
1300 L Street, N.W.            )
Washington, D.C.  20005,       )
                               )
              Plaintiff,       )
                               )
      v.                       )   No. 1:05-CV-01290 (RBW)
                               )
NATIONAL POSTAL MAIL HANDLERS  )
UNION, A DIVISION OF LABORERS' )
INTERNATIONAL UNION OF NORTH   )
AMERICA, AFL-CIO               )
1101 Connecticut Avenue, N.W,  )
Suite 500,                     )
Washington, D.C. 20036         )
                               )
                               )
          and                  )
                               )
UNITED STATES POSTAL SERVICE,  )
475 L'Enfant Plaza, S.W.       )
Washington, D.C.  20260,       )
                               )
              Defendants.      )
_____)
```

**ANSWER OF AMERICAN POSTAL WORKERS UNION, AFL-CIO, TO COUNTER-CLAIM AND CROSS-CLAIM OF NATIONAL POSTAL MAIL HANDLERS UNION**

The American Postal Workers Union, AFL-CIO ("the APWU"), answers the counterclaim and cross claim of the National Postal Mail Handlers Union, a Division of the Laborers' International Union, AFL-CIO ("the Mail Handlers"), by corresponding paragraph numbers as follows.  All allegations not expressly admitted are denied.

1. Admitted.

1

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted that the grievances referenced in paragraph 6 of the counterclaim and cross-claim were scheduled for arbitration under the procedures contained in the collective bargaining agreement between the Postal Service and the Mail Handlers Union, to which the APWU was not a party, and that the Postal Service referred the grievances to the procedure created by the Mail Handlers Union, the APWU and the Postal Service, by a memorandum dated April 16, 1992, the APWU, entitled "Memorandum of Understanding" pertaining to "Regional Instruction 399 - Dispute Resolution Procedures" ("the MOU on Dispute Resolution Procedures"), which are the exclusive procedures for resolving jurisdictional disputes among the parties, as the Postal Service was obliged to do under the MOU on Dispute Resolution Procedures. Further answering, in accordance with the MOU on Dispute Resolution Procedures, hearings were held before Arbitrator Eric J. Schmertz, an arbitrator appointed by the three parties under the MOU on Dispute Resolution Procedures.  Further answering, the three parties participated in the hearings.  All other allegations are denied.

    8.    Admitted.

    9.    Admitted that hearings were held before Arbitrator

Schmertz on January 21, 2005, and February 18, 2005, and that the three parties filed post hearing briefs. All other allegations are denied.

10. Admitted that hearings were held before Arbitrator Schmertz on January 21, 2005, and February 18, 2005, and that the three parties filed post hearing briefs. Further answering: both the Postal Service and the APWU raised challenges to the arbitrability of the disputes. Among other arguments, the APWU and the Postal Service contended that under MOU on Dispute Resolution Procedures, the Mail Handlers Union was required to have filed grievances by April 29, 1992, over the work in question for the dispute to be heard, unless there an operational change, new work in a facility, or a new facility or consolidation of facilities. Because the dispute was untimely, having been filed on or about October 16, 1993 (after April 29, 1992, deadline under the MOU on Dispute Resolution Procedures) and the work in dispute was not new work, or work being done in a new or consolidated facility or the work resulting from an operational change, the Postal Service and the APWU argued that the dispute was not arbitrable. The arbitrator did not rule on this argument. The Postal Service also argued that it had a bilateral agreement dated November 24, 1992, which, among other things, held all jurisdictional grievances in abeyance and required any such grievances to be filed before the expiration of the 120 day period; and because the Mail Handlers Union did not file the disputes in question until October 16, 1993, beyond the

120 period, they were also untimely under the bilateral agreement and therefore not arbitrable, an argument which the arbitrator accepted. The arbitrator's reliance on the bilateral agreement between the Postal Service and the Mail Handlers Union was in excess of his authority under the MOU on Dispute Resolution Procedures. All other allegations are denied.

 11. Denied as stated. In his award dated March 23, 2005, Arbitrator Schmertz ruled that the jurisdictional dispute was not arbitrable in arbitration under the MOU on Dispute Resolution Procedures but stated that it was arbitrable under the bilateral grievance procedure in the collective bargaining agreement between the Postal Service and the Mail Handlers Union (to which the APWU is not a party). The actual award states: "The grievances of the Mail Handlers, regarding the staffing of the Label room and the Copy room are arbitrable under the [Mail Handlers Union's] collective bargaining agreement with the Postal Service but not arbitrable in the RI-300 Forum." To the extent that the award is considered an order to the Postal Service to process the disputes in the grievance procedure under the collective bargaining agreement between the Postal Service and the Mail Handlers Union, the award was in excess of his authority. All other allegations are denied.

 12. Denied. Further answering, the APWU does not have the power on its own to "refuse[] to allow" any arbitration under the collective bargaining agreement between the Mail Handlers Union and the Postal Service to take place.

13. Denied. Further answering, the arbitrator's award was in excess of his authority under the MOU on Dispute Resolution Procedures, as stated in the APWU's complaint.

## AFFIRMATIVE DEFENSES

A. The counterclaim and cross-claim fails to state a claim upon which relief can be granted.

B. Without admitting that the complaint is untimely under any applicable statute of limitations, the Mail Handlers Union has waived the defense.

WHEREFORE, the APWU asks this Court to dismiss the counterclaim and cross-claim with prejudice, and to order such other and further relief to which the APWU may be entitled and which justice requires, including but not limited to costs, attorneys fees and expenses.

Respectfully submitted,

/s/ Anton G. Hajjar

_____
Anton G. Hajjar (D.C. Bar No. 359267)
Brenda C. Zwack (D.C. Bar No. 482673)
O'DONNELL, SCHWARTZ & ANDERSON
1300 L Street, NW, Suite 200
Washington, D.C.  20005-4178
Telephone (202) 898-1707
Facsimile (202) 682-9276

Dated: September 13, 2005