UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL POSTAL MAIL HANDLERS UNION,<br><br>and<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendants. | Civil Action No. 05-1290 (RBW) |

**U.S. POSTAL SERVICE'S ANSWER TO AMERICAN POSTAL
WORKERS UNION'S COMPLAINT TO VACATE ARBITRATION AWARD**

The United States Postal Service ("Postal Service"), through counsel, hereby answers the numbered paragraphs of the American Postal Workers Union's ("APWU") Complaint to Vacate Arbitration Award ("Complaint") as follows:

1. Paragraph 1 contains the APWU's characterization of this action, and thus legal conclusions to which no answer is required.

2. Paragraph 2 contains legal conclusions regarding jurisdiction to which no answer is required.

3. Paragraph 3 contains legal conclusions concerning venue to which no answer is required.

4. The Postal Service admits the allegations of Paragraph 4, except that it avers that,

upon information and belief, the APWU represents fewer than 350,000 Postal Service employees.

      5 (first paragraph designated as paragraph 5).    The Postal Service admits, except that it avers that, upon information and belief, defendant National Postal Mail Handlers Union ("NPMHU") represents more than 55,000 Postal Service employees.

      5 (second paragraph designated as paragraph 5).   The Postal Service admits, except that it avers that the Postal Service is an independent establishment of the United States government pursuant to 39 U.S.C. § 201.

      6.     The Postal Service admits that on April 16, 1992, the parties signed an agreement entitled "Memorandum of Understanding" ("MOU") concerning Regional Instruction 399 - Dispute Resolution Procedures ("Dispute Resolution Procedures"), but, as to the other allegations of Paragraph 6, respectfully refers the Court to a true and correct copy of the MOU for the most complete and accurate statement of its contents.

      7.     The Postal Service admits that the MOU on Dispute Resolution Procedures sets forth the exclusive procedures for resolving jurisdictional disputes among the parties.

      8.     The Postal Service admits that on April 16, 1992, the parties signed an agreement entitled "Memorandum of Understanding" concerning "Regional Instruction 399 -- Transitional Procedures," but as to the other allegations of Paragraph 8, respectfully refers the Court to a true and correct copy of that document for the most complete and accurate statement of its contents.

      9.     The Postal Service admits that the parties have appointed arbitrators to hear jurisdictional disputes, including Arbitrator Eric J. Schmertz, in accordance with the MOU on Dispute Resolution Procedures.

10. The Postal Service admits that the parties' dispute before Arbitrator Schmertz was jurisdictional in nature and concerned whether clerks or mail handlers should staff the label and copy room of the Brooklyn, New York General Mail Facility, but denies that the dispute was "presented."

11. The Postal Service admits that Arbitrator Schmertz issued an Award, but as to the other allegations of Paragraph 11, respectfully refers the Court to a true and correct copy of the Award itself for the most complete and accurate statement of its contents.

12. Paragraph 12 constitutes a legal conclusion to which no response is required, but insofar as a response is deemed to be required, the Postal Service admits that the Award exceeded Arbitrator Schmertz's authority and avers that, in rendering the Award, Arbitrator Schmertz relied on a bilateral agreement dated November 24, 1992, that was inconsistent with the procedures established by the parties' tripartite agreement on Dispute Resolution Procedures, which sets forth the exclusive procedures for resolving jurisdictional disputes among the parties. The remaining allegations of paragraph 12 are denied.

The unnumbered paragraph under the heading "PRAYER FOR RELIEF" sets forth the APWU's prayer for relief to which no answer is required. To the extent that an answer is required, the Postal Service admits that the Court should issue a decision and order vacating the Award and avers that the dispute should be remanded to the parties.

Any allegations not explicitly admitted are denied.

WHEREFORE, the Postal Service, having fully answered the allegations in the APWU's Complaint, respectfully requests that this honorable Court enter judgment vacating the Award,

remand the dispute to the parties, and award the Postal Service such other relief as this Court deems just and proper.

                        Respectfully submitted,

                        _____
                        KENNETH L. WAINSTEIN, D.C. Bar # 451058
                        United States Attorney

                        _____
                        R. CRAIG LAWRENCE, D.C. Bar # 171538
                        Assistant United States Attorney

                        _____
                        LISA S. GOLDFLUSS, D.C. Bar #417787
                        Assistant United States Attorney
                        555 4th Street, N.W., Tenth Fl.
                        Washington, D.C. 20530
                        (202) 514-7198
                        Counsel for Defendant

Of Counsel:

TERESA A. GONSALVES
United States Postal Service
475 L'Enfant Plaza SW, Room 6424
Washington, DC 20260-1150
(202) 268-7252