UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL POSTAL MAIL HANDLERS UNION, ) | |
| A DIVISION OF LABORERS INTERNATIONAL ) | |
| UNION OF NORTH AMERICA, AFL-CIO ) | |
| ) | |
| and ) | |
| ) | |
| ) | No. 1:05-CV-01290 (RBW) |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES POSTAL SERVICE'S ANSWER TO
NATIONAL POSTAL MAIL HANDLERS UNION'S CROSS-CLAIM**

The United States Postal Service ("Postal Service"), through counsel, hereby respectfully answers the Cross-Claim to Confirm Arbitration Award and to Compel Arbitration of the National Postal Mail Handlers Union ("NPMHU") as follows:

**DEFENSES**

A.  Enforcement of the Award of Arbitrator Schmertz dated March 23, 2005 would be improper because the Award relied on an invalid bilateral agreement dated November 24, 1992, that was inconsistent with the Dispute Resolution Procedures set forth in the parties' tripartite agreement, which are the exclusive procedures for resolving jurisdictional disputes among the parties.

B.  The Postal Service hereby answer the numbered paragraphs of the Cross-Claim as

follows:

1. The Postal Service admits the allegations contained in Paragraph 1.

2. The Postal Service admits the allegations contained in Paragraph 2.

3. The Postal Service admits the allegations contained in Paragraph 3.

4. The Postal Service admits the allegations contained in Paragraph 4.

5. The Postal Service admits the allegations contained in Paragraph 5.

6. The Postal Service admits the allegations contained in Paragraph 6.

7. The Postal Service admits that the grievances referenced in Paragraph 7 were scheduled for arbitration and that the Postal Service subsequently and properly referred them to the procedure set forth in a tripartite Memorandum of Understanding ("MOU") signed by the Postal Service, American Postal Workers Union ("APWU") and NPMHU on April 16, 1992 regarding Regional Instruction 399 "Dispute Resolution Procedures" ("Dispute Resolution Procedures") and that the dispute was heard in part in arbitration by Arbitrator Eric Schmertz with the participation of APWU, NPMHU and Postal Service representatives, but otherwise denies the allegations contained in Paragraph 7.

8. The Postal Service admits the allegations contained in Paragraph 8.

9. The Postal Service admits that a hearing was held before Arbitrator Schmertz on January 21, 2005 and February 18, 2005 during which the parties presented testimony, exhibits and arguments and that the parties submitted post-hearing briefs, but otherwise denies the allegations contained in Paragraph 9.

10. The Postal Service admits that the arbitration hearing was held before Arbitrator Schmertz but otherwise denies the allegations contained in Paragraph 10.

11.     The Postal Service avers that Arbitrator Schmertz rendered an Award dated March 23, 2005, but as to the other allegations of Paragraph 11, respectfully refers the Court to the Award itself for the most complete and accurate statement of its contents, and denies the allegations of this paragraph insofar as they are inconsistent therewith.

12.     The Postal Service denies the allegations of Paragraph 12.

13.     The Postal Service denies the allegations of Paragraph 13.

The remaining paragraphs of the Cross-Claim set forth the NPMHU's request for relief to which no answer is required.  To the extent that an answer is required, the Postal Service admits that the parties' dispute should be heard on the merits, but in accordance with the MOU on Dispute Resolution Procedures.  The remaining allegations are denied.

Except to the extent expressly admitted or qualified above, the Postal Service denies each and every allegation in the Cross-Claim, and denies that NPMHU is entitled to the relief sought in the Cross-Claim, or to any relief whatsoever.

Having fully answered, the Postal Service respectfully requests that the Court enter judgment vacating the Award, dismissing the Cross-Claim, remanding the dispute to the parties,

and awarding the Postal Service such other relief as this Court deems just and proper.

                    Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Civil Division
Washington, D.C.  20530
(202) 514-7198

Of Counsel:

TERESA A. GONSALVES
United States Postal Service
475 L'Enfant Plaza SW, Room 6424
Washington, DC 20260-1150
(202) 268-7252