UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | ) ) ) |
| Plaintiff & Counterclaim Defendant, | ) ) ) ) |
| v. | ) No. 1:05-CV-01290 (RBW) |
| NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, | ) ) ) ) ) |
| Defendant & Counter-claimant, | ) ) ) |
| and | ) ) |
| UNITED STATES POSTAL SERVICE, 475 L'Enfant Plaza, S.W. Washington, D.C. 20260, | ) ) ) ) |
| Defendant & Cross-Claim Defendant | ) ) ) |

## JOINT LOCAL CIVIL RULE 16.3(d) REPORT

The parties have met and conferred regarding the matters included in Local Civil Rule 16.3(c) and respectfully submit this joint report, presented in accordance with the corresponding paragraph numbers set forth in Local Rule 16.3(c).

1. This case will likely be disposed of by dispositive motions. No dispositive motion is pending.

2. No other parties will be joined. Almost all factual issues can be agreed upon or narrowed.

3. The parties consent to having the case assigned to a magistrate judge for all purposes, including trial.

4. There is a possibility of settlement, and settlement discussions are ongoing.

5. The parties have discussed the possible use of mediation, but are unsure of its benefit in this case because the parties have a longstanding relationship and communicate regularly about the issues in this case.

6. The case is expected to be resolved by cross-motions for summary judgment. The parties propose that motions be filed by May 31, 2006; opposition briefs be filed by July 14, 2006; and reply briefs, if any, be filed by August 15, 2006.

7. The parties respectfully report to the Court that they have negotiated an agreement regarding an initial dispute about the appropriateness of Rule 26(a)(1) disclosures in view of Local Civil Rule 16.3(b)(8); that they will not be engaging in motion practice on the matter; and that, without objection from the Court, they intend to serve their initial disclosures on February 23, 2006.

8. Limited discovery, if any, is anticipated. The parties propose a two-month discovery period commencing with the filing of the initial scheduling order. The parties do not anticipate the need for protective orders, but will attempt to file a proposed stipulated protective order if necessary.

9. The parties do not intend to present expert witness testimony.

10. This is not a class action.

11. There is no need to bifurcate discovery.

12. The parties recommend that the Court schedule a pretrial conference, if one is necessary, within 60 days of the final disposition of the parties' motions for summary judgment.

13. The parties respectfully request that the trial date, if any, be set at the pretrial conference.

A proposed scheduling order is annexed.

In accordance with the Court's General Order and Guidelines for Civil Cases, the parties offer the following statement of facts and statutory basis for the causes of action and defenses:

This is an action under the Postal Reorganization Act, 39 U.S.C. § 1208, by the American Postal Workers Union, AFL-CIO (APWU) to vacate the award of Arbitrator Eric Schmertz (Award), to which the APWU, the National Postal Mail Handlers Union, a Division of the Laborers' International Union of North America, AFL-CIO (NPMHU) and the Postal Service were parties. The NPMHU has filed a counter-claim against the APWU and a cross-claim against the Postal Service to enforce the Award.

The parties jointly appointed Arbitrator Schmertz to hear disputes under a memorandum of understanding (MOU) covering jurisdictional disputes over whether particular mail processing functions are properly assigned to members of the APWU or the NPMHU. The present case involves a dispute related to work in the label room and copy room of the Brooklyn, NY, General Mail facility. The Award held that the dispute was not arbitrable under the MOU and referred the dispute for resolution under the grievance procedure of the Postal Service-NPMHU collective

bargaining agreement. APWU filed the instant litigation to vacate the Award, arguing that the Award exceeded the scope of the arbitrator's powers because the MOU procedures are the exclusive forum for resolving jurisdictional disputes between the parties. The Postal Service generally agrees with the APWU's position. The NPMHU has counterclaimed for enforcement of the Award, and argues that the arbitrator had authority to refer the dispute to the grievance procedure.

Respectfully submitted,

Anton G. Hajjar (D.C. Bar No. 359267)
Brenda C. Zwack (D.C. Bar No. 482673)
O'DONNELL, SCHWARTZ & ANDERSON
1300 L Street, NW, Suite 200
Washington, D.C. 20005-4178
Telephone (202) 898-1707
Facsimile (202) 682-9270
Counsel for American Postal Workers Union

Bruce R. Lerner (DC Bar No. 384757)
Bredhoff & Kaiser, P.L.L.C.
Suite 1000
805 Fifteenth Street, NW
Washington, DC 20005
(202) 842-2600
(202) 842-1888 (fax)

Counsel for the
National Postal Mail Handlers Union

4

*Kenneth L. Wainstein* (signature)
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

*R. Craig Lawrence* (signature)
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

(signature)
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendants