UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,<br><br>    and<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendants. | Case No. 1:05-CV-01290 (RBW/ak) |

**DEFENDANT/COUNTER-CLAIMANT/CROSS-CLAIMANT
NATIONAL POSTAL MAIL HANDLERS UNION'S STATEMENT
OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

A.    <u>General Background</u>

    1.    The National Postal Mail Handlers Union (the "NPMHU") and the American Postal Workers Union (the "APWU") are both labor organizations representing employees of the United States Postal Service ("USPS" or "Postal Service"). *See* Complaint (d/e 1) at ¶¶ 4-5; Answer and Counterclaim of

Defendant NPMHU ("NPMHU Answer") (d/e 9) at ¶¶ 4-5;[1] Answer of Defendant USPS to APWU Complaint ("USPS Complaint Answer") (d/e 13) at ¶¶ 4-5.

2. The Postal Service has recognized the NPMHU as the collective bargaining representative of certain of its employees, including all mail handlers. *See* Complaint (d/e 1) at ¶ 5; NPMHU Answer (d/e 9) at ¶ 5; USPS Complaint Answer (d/e 13) at ¶ 5; *See* Declaration of Lawrence Hill ("Hill Decl.") at ¶ 6.

3. The Postal Service has recognized the APWU as the collective bargaining representative for other employees, including all clerical employees. *See* Complaint (d/e 1) at ¶ 4; NPMHU Answer (d/e 9) at ¶ 4; USPS Complaint Answer (d/e 13) at ¶ 4; Hill Decl. at ¶ 6.

4. The Postal Service has entered into separate collective bargaining agreements ("National Agreements") with the NPMHU and with the APWU. *See* Complaint (d/e 1) at ¶¶ 4-5; NPMHU Answer (d/e 9) at ¶¶ 4-5; USPS Complaint Answer (d/e 13) at ¶¶ 4-5.

5. Article 15 of each National Agreement specifies the procedure for bringing and processing grievances under the Agreement. Article 15 of each National Agreement states, *inter alia*: "A grievance shall include, but is not limited to, the complaint of an employee or of the Union which involves the interpretation, application of, or compliance with the provisions of this

---

[1] The NPMHU's Answer and Counterclaim are combined in one document (d/e 9), but the paragraph numbers start over at the beginning of the Counterclaim. We use "NPMHU Answer" to refer to the Answer section and "NPMHU Counterclaim" to refer to the Counterclaim section.

Agreement or any local Memorandum of Understanding not in conflict with this Agreement." See Declaration of Lawrence Hill ("Hill Decl.") Ex. 1 (NPMHU-USPS National Agreement) at Article 15.1, Ex. 2 (APWU-USPS National Agreement) at Article 15 § 1.

6. Because changes in technology and in the means of processing mail have blurred the original distinctions between the work performed by mail handlers represented by the NPMHU and clerks represented by the APWU, there have been frequent disputes over whether particular work should be performed by employees represented by the NPHMU or the APWU. See id. at ¶ 6 & Ex. 3 (Opinion and Award of Arbitrator Howard G. Gamser, Case No. AD-NAT-1311) ("Gamser Award")

7. In 1979, the Postal Service issued Regional Instruction No. 399 ("RI-399"), which delineates criteria for making craft assignments and designates the primary craft assignment for a long list of functions performed by Postal Service employees. See Hill Decl. at ¶ 7 & Ex. 1, at 157-179, Ex. 3 (Gamser Award) (upholding RI-399 craft designations against challenges filed by the APWU).

8. After RI-399 was issued, from 1979 until 1992, the NPMHU and the APWU continued to bring jurisdictional disputes – i.e. disputes that seek to change craft assignments or determine undecided craft assignments – under their respective National Agreements because there was no tripartite process for adjudicating such disputes. See Hill Decl. at ¶ 9.

9. A subsequent agreement entitled "Regional Instruction 399 – Dispute Resolution Procedures" ("RI-399 Dispute Resolution Procedures"), signed in April 1992 by the NPMHU, the APWU, and the Postal Service, created and described new procedures for resolving jurisdictional disputes. *See* NPMHU Counterclaim (d/e 9) at ¶ 4; Answer of APWU to Counterclaim and Cross-Claim of NPMHU ("APWU Answer to Counterclaim") (d/e 12) at ¶ 4; USPS's Answer to NPMHU's Cross-Claim ("USPS Answer to Cross-Claim") (d/e 14) at ¶ 4; Hill Decl. at ¶ 10 & Ex. 4 ("RI-399 Dispute Resolution Procedures"). Additionally, the RI-399 Dispute Resolution Procedures describe the process to be followed when making craft assignments for new work, for work in new or consolidated facilities, and for work after there is an operational change. *See id.* Ex. 4.

10. Under the RI-399 Dispute Resolution Procedures, jurisdictional disputes are to be resolved by tripartite Dispute Resolution Committees, or by arbitration if not resolved by the Committees. *See* Hill Decl. at ¶ 22 & Ex. 4.

11. Even after 1992, where the craft assignment, or jurisdiction, of work already has been decided, disputes over the performance of work in violation of the craft assignments are still brought as grievances under Article 15 of the National Agreements. These disputes are referred to as "cross-craft" or "crossing craft" grievances. *See* Hill Decl. at ¶ 11 & Ex. 9 ("Opening Statement of the Union on Behalf of the Mail Handlers' Craft at the Brooklyn GMF"), App. B (cross-craft grievance decisions in other cases, submitted as part of the arbitration record in this case).

12. If one of the parties believes that a grievance brought under Article 15 of one of the National Agreements actually is a jurisdictional dispute that seeks to determine or change craft assignments, rather than a cross-craft grievance that seeks to enforce existing craft assignments, that grievance may be referred to the RI-399 dispute resolution process described in the RI-399 Dispute Resolution Procedures. See Hill Decl. at ¶ 13 & Ex. 5, at 1-2 ("Q and A – RI-399 Dispute Resolution Procedures").

13. A Settlement Agreement from August 2000, signed by all three parties to this case, clarifies that cross-craft grievances removed in error to the RI-399 dispute resolution process are to be returned to the grievance process contained in Article 15 of the relevant National Agreement. See Hill Decl. at ¶ 15 & Ex. 6.

14. The relevant portion of the August 2000 Settlement Agreement specifically provides as follows:

> The parties agree that those grievances not dealing with jurisdictional issues shall not be referred to the RI-399 Dispute Resolution Procedures and, if such cases already have been referred, shall be removed from the RI-399 Dispute Resolution Procedures for further processing under the terms of Article 15 of the appropriate National Agreement.

See id. Ex. 6.

B.   Current Dispute

15. In October 1993, the NPMHU filed two grievances under its National Agreement alleging that the Postal Service was improperly staffing the Label Room and the Duplicating Room of the Brooklyn General Mail Facility ("GMF") with clerical employees represented by the APWU. See NPMHU

Counterclaim (d/e 9) at ¶ 6; APWU Answer to Counterclaim (d/e 12) at ¶ 6; USPS Answer to Cross-Claim (d/e 14) at ¶ 6; Hill Decl. at ¶ 17 & Ex. 7 (documents from the grievance process).

16.   The NPMHU alleged that the jobs at issue "are clearly Mail Handler functions," citing several nationwide Standard Positions assigned to the Mail Handler craft.  *See* Hill Decl. at ¶ 18 & Ex. 7, at NPMHU 0048-49.

17.   In November 1993, the Postal Service denied the grievances at Step 2 of the grievance procedure under Article 15 of the NPMHU-USPS National Agreement, on the ground that the Standard Positions listed in the grievances are not authorized positions at the GMF.  *See id.* at ¶ 19 & Ex. 7, at NPMHU 0050-51.

18.   In March 1994, the Postal Service denied the grievances at Step 3 of the contractual grievance procedure, on the grounds that the grievance lacked specificity and documentation, and that the NPMHU failed to identify positions that were in the inventory of jurisdictional assignments created at the GMF created when the facility opened.  *See id.* at ¶ 20 & Ex. 7 at NPMHU 0052-53.

19.   In accordance with the contractual grievance procedure, on December 30, 1998 the grievances were certified for arbitration and scheduled for a hearing in March 1999 under that National Agreement.  *See id.* at ¶ 21 & Ex. 7 at NPMHU 0054; NPMHU Counterclaim (d/e 9) at ¶ 6; APWU Answer to Counterclaim (d/e 12) at ¶ 6; USPS Answer to Cross-Claim (d/e 14) at ¶ 6.

20.     In February 1999, approximately one month before the scheduled arbitration hearing, the Postal Service referred the grievances to the RI-399 dispute resolution process because it believed the grievances presented jurisdictional disputes that needed to be resolved in that process.  *See* Hill Decl. at ¶ 22 & Ex. 7, at NPMHU 0055; NPMHU Counterclaim (d/e 9) at ¶ 7; APWU Answer to Counterclaim (d/e 12) at ¶ 7; USPS Answer to Cross-Claim (d/e 14) at ¶ 7.

21.     The dispute was not resolved by the appropriate Dispute Resolution Committees, and Arbitrator Eric J. Schmertz, who was serving on a panel of arbitrators appointed by all three parties to hear disputes under the RI-399 dispute resolution process, was appointed to resolve the dispute.  *See* Complaint (d/e 1) at ¶ 9; NPMHU Answer (d/e 9) at ¶ 9; USPS Complaint Answer (d/e 13) at ¶ 9; NPMHU Counterclaim (d/e 9) at ¶ 8; APWU Answer to Counterclaim (d/e 12) at ¶ 8; USPS Answer to Cross-Claim (d/e 14) at ¶ 8.

22.     Arbitrator Schmertz held hearings on the dispute on January 21, 2005 and February 18, 2005, during which the parties presented their respective positions.  *See* NPMHU Counterclaim (d/e 9) at ¶ 9; APWU Answer to Counterclaim (d/e 12) at ¶ 18; USPS Answer to Cross-Claim (d/e 14) at ¶ 9.

23.     The Arbitrator received written opening statements and post-hearing briefs from the parties as well.  *See* NPMHU Counterclaim (d/e 9) at ¶ 9; APWU Answer to Counterclaim (d/e 12) at ¶ 9; USPS Answer to Cross-Claim (d/e 14) at ¶ 9; *see also* Hill Decl. at Exs. 8-14 (opening statements and post-hearing briefs).

24. During the arbitration, the APWU and USPS both argued that the grievances were untimely filed, with the APWU focusing on the deadlines within the RI-399 dispute resolution process and the USPS focusing on a local agreement for deadlines applying to both cross-craft grievances and jurisdictional disputes.  *See id.* Exs. 10, 11, 13, 14.

25. With respect to timeliness, the NPMHU argued that the Postal Service, by failing to raise timeliness by Step 2 of the grievance process, had waived any objection on the basis of timeliness pursuant to Article 15.3B of the National Agreement, which provides that "if the Employer fails to raise the issue of timeliness at Step 2 . . . such objection to processing the grievance is waived."  *See id.* Ex. 1, at Art. 15.3B, Ex. 9, at 5-6; Ex. 12, at 2.

26. The NPMHU also argued that the case was properly filed as a cross-craft grievance under Article 15 of the NPMHU-USPS National Agreement, because the NPMHU has exclusive primary craft jurisdiction of the disputed work nationally.  *See id.* Ex. 9, at 4, 10-15, 19-21, Ex. 12, at 3-10. The NPMHU further presented alternative arguments for the consideration of Arbitrator Schmertz – that the arbitrator either could resolve the dispute in the RI-399 forum because the APWU disputed the jurisdiction of the work, or that the arbitrator could refer the dispute back to the Article 15 grievance process under the NPMHU-USPS National Agreement.  *See id.* Ex. 9, at 21-23, Ex. 12, at 14-16.

27. With respect to this latter argument, the NPMHU argued that returning the dispute to the Article 15 grievance process under the NPMHU-

USPS National Agreement would be consistent with the August 2000 Settlement Agreement's provision, quoted *supra* at ¶ 14, that grievances not dealing with jurisdictional issues referred in error to the RI-399 dispute resolution process are to be returned for processing under Article 15 of the appropriate National Agreement.  See *id.* Ex. 6, Ex. 12, at 12-14.

28.   Arbitrator Schmertz's award, dated March 23, 2005, concluded that the "grievances of the Mail Handlers regarding the staffing of the Label room and Copy room are arbitrable under the collective bargaining agreement with the Postal Service but not arbitrable in the RI-399 Forum," and returned the dispute for arbitration under Article 15 of the NPMHU-USPS National Agreement.  See *id.* Ex. 15 ("Opinion and Award" issued by Arbitrator Eric J. Schmertz), at 7.

Respectfully submitted,

/s/ Bruce R. Lerner
Bruce R. Lerner (DC Bar No. 384757)
Lisa M. Powell
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, NW, Suite 1000
Washington, DC 20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
Email: blerner@bredhoff.com

*Attorneys for Defendant*
*National Postal Mail Handlers Union*

Dated: June 30, 2006