UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>    Plaintiff,<br><br>    v.<br>(RBW/ak)<br><br>NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,<br><br>    and<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendants. | Case No. 1:05-CV-01290 |

# Exhibit 1 to Collins Declaration

07463.pdf
E.SCHMERTZ:FEBRUARY16,2006
SUSTAINED:APWU/NPMHU
01205607:REGIONAL

RI-399 JURISDICTIONAL DISPUTE ARBITRATION PANEL

---------------------------------------X

IN THE MATTER OF THE ARBITRATION

        between

UNITED STATES POSTAL SERVICE

        -and-                        CASE NUMBER:
                                                              B98C-4B-J-01205607

AMERICAN POSTAL WORKERS UNION, AFL-CIO

        -and-

NATIONAL POSTAL MAIL HANDLERS UNION

---------------------------------------X

Before:             Eric J. Schmertz, Arbitrator

Appearances:      <u>For the U.S. Postal Services</u>

                    Robert J. LoPresti

                    <u>For the APWU:</u>

                    Michael LaPoint, APWU Advocate

                    <u>For the NPMHU:</u>

                    Robert J. Broxton

Place of Hearing:  Boston, Massachusetts

Date of Hearing:   November 16, 2005

Date of Award:     February 16, 2006

OPINION

There is a significant difference between this case and others where disputes started as a contract grievance and were then transferred and referred to the RI-399 procedures.

Here, (as a matter of first impression to me), the Postal Workers pursued the Article 15 grievance and arbitration process of the collective bargaining agreement simultaneous with or after the same issue and dispute had been referred to RI-399.

That circumstance raises, to my mind, the question of whether the Postal Workers were seeking to litigate the same issue ("spreading the mail") in two different forums for the proverbial "two bites of the apple." And if so, whether that is a violation of the express prohibition in RI-399 that:

> "multiple disputes arising out of the same or substantially similar issues or facts shall not be allowed."

If that prohibition applies to these facts, the obvious remedy is to disallow either or both of these actions, by foreclosing arbitrability of the same or similar dispute.

However, in this proceeding, I need not make that determination one way or the other because other related circumstances about the dispute renders it non-arbitrable.

In Case #A00M-1A-J031459861 (Newburg) I ruled that arbitrability under RI-399 would be determined by compliance or non-compliance with the RI-399 procedures and time limits, and not whether the original grievance, filed under the collective bargaining agreement, was itself timely filed thereunder. However, I stated that that ruling applies when and where the arbitrability of the original contract grievance was raised and asserted for the <u>first time</u> in and as part of the RI-399 case; subject <u>to adjudication for the first time</u> in the RI-399 case. But where and when under the contract grievance procedure, in or at the conclusion of the steps of the grievance procedure the dispute was declared, determined or asserted to be non-arbitrable, and that finding or assertion is not challenged and reversed by contract arbitration, or the case thereafter is abandoned, that ends the viability of the issue. To allow it to be renewed thereafter in a subsequent or companion RI-399 case would be an impermissible "second bite of the apple."

Indeed in Case #A00M-1A-J03145861 I made that distinction by saying:

> "...if a case has been referred to the RI-399 forum, though originally initiated and processed as a grievance under Article 15 of a collective bargaining agreement, I shall not consider as determinative or even relevant whether the original grievance was timely filed or timely processed under the collective bargaining agreement <u>when that assertion is raised and presented for the</u>

<u>first time in and as part of the RI-399 case.</u>" (emphasis added)

The substantive dispute in this case arose in 1998. The postal workers grieved in August 2001, 2½ years later. After Step 2 of the grievance procedure it was referred to RI-399. In the grievance procedure, the Service asserted that the grievance was untimely and hence not arbitrable. That non-arbitrability defense was not rebutted, and hence is not now challengeable.

Though arbitrators are not absolutely bound to the decisions of prior arbitrations, it is well-established arbitral practice for a subsequent arbitrator to give precedential weight to a prior decision on the same facts and contract law, unless that prior decision is "palpably wrong." Here I find the decision of Arbitrator Philip W. Parkinson in Case D98M-4D-C0009587 (Morgantown WV, November 24, 2004) to be precedential and entitled to affirmation. There, Arbitrator Parkinson held in a RI-399 case that the prior determined non-arbitrability under the contract of the original grievance foreclosed its arbitrability under RI-399.

I find that ruling applicable in this case and entitled to precedential effect.

4

The Undersigned, duly designated as the Arbitrator, and having duly heard the proofs and allegations of the above-named parties, makes the following AWARD:

Case #B98C-4B-J-01205607 is not arbitrable.

*[signature]*
Eric J. Schmertz, Arbitrator

DATED:   February 27, 2006

STATE OF NEW YORK   )
                    ss:
COUNTY OF NEW YORK  )

I, Eric J. Schmertz do hereby affirm upon my Oath as Arbitrator that I am the individual described in and who executed this instrument, which is my AWARD.

*[signature]*

NOTA BENE

The foregoing AWARD, obviously, is mandated by the reasons stated, and by the Arbitrator's limited authority to interpret and apply the terms of the RI-399 Agreement and the applicable law.

Nonetheless, I have decided to add this nota bene to express some personal views on the manner and nature of RI-399 cases that have come to me for decisions.

Simply put, I am troubled by what appears to be an overriding emphasis on threshold arbitrability (or non-arbitrability) claims, with attendant deferrals or denials of substantive issues of jurisdiction.

I am troubled because, though arbitrability is apparently an issue the parties included in the process, and rightly so to prevent willful delays, and uncooperative obstructions to the process, I am not persuaded that the real purpose and intent of RI-399 is being served. I think that rulings of non-arbitrability where there are credible jurisdictional disagreements and when those jurisdictional issues cannot be reached or adjudicated on the merits, further strains the relationship between the two Unions. And by consequence leaves unsatisfied, resultant disputes with the Service. In short, the resolution of jurisdictional disputes, which RI-399 was established to achieve, in the interest of mutually

cooperative operational arrangements between the Unions and the Service may be frustrated, and left to fester undecided by a procedural ruling of non-arbitrability.

This is not to say that time limits and procedures mandated by RI-399 are to be ignored or even loosened. Rather it is to say that I have not found any of the parties to have willfully engaged in the dilatory tactics or other obstructions to the process for which the time limits and procedural steps were and are designed to prevent. I am satisfied that both Unions and the Service are committed to the RI-399 Agreement and if time limits or required procedures have not been followed it is due to confusions in the transfer of cases from Article 15 to RI-399, to the "institutional impediments" and the "black hole" (defined by previous decisions), by erroneous, but good faith beliefs that certain cases are contractual and not jurisdictional, and by changes in personnel among the Unions and the Service.

In the short time that I have been one of your arbitrators, I have developed a profound respect for the Postal Service, its Unions and personnel and the extraordinary effective service it renders to the public. I am especially impressed with the skills, abilities and dedication to each case shown by the various advocates who have appeared before

2

me. They have presented their cases (including arbitrability) with uncommon excellence, comprehensiveness and commitment.

But when I agreed to join the arbitration panel (after almost 50 years as an arbitrator and with over 10,000 decisions rendered) I thought that like the rest of my practice, I would be aiding the parties by resolving substantive dispute on the merits, providing clarification and guidance on their respective rights. And though from time to time arbitrability must be decided first, the overriding bulk of those thousands of cases were decided on the merits. That's what the arbitration process is designed to do, and that is what RI-399 was intended to do as well.

After these many years, there are certain arbitration cases that I will no longer take on. I will not do advisory arbitration cases because they do not serve the essential purpose of finality.

I will not do "last best offer" cases, because, obligated to select only either position advanced by the parties, I do not believe that it is an accurate adjudication of the merits, and hence not consistent with the arbitrator's role.

Frankly I am beginning to view a "steady diet" of arbitrability cases similarly.

I have no precise solutions, only some recommendations. I respectfully suggest that the parties to RI-399 meet together and review all cases in which arbitrability is an issue. Some may be withdrawn as a result. Others may proceed on the merits by agreement, without prejudice or precedent to future arbitrability issues. And others, where there may be neither arrangement, would have to go to the panel arbitrator. Hopefully this may result in a better balance between arbitrability and the merits.

Another possibility is to appoint a special "arbitrability arbitrator" whose sole role and authority would be to screen and judge arbitrability. With the case then submitted to the panel arbitrator only if found arbitrable.

I make no decision now on my continuing participation as a panel arbitrator. That depends on further and future developments.

I hope you receive these instructions in the constructive and respectful manner intended.

Eric J. Schmertz, Arbitrator