UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) (RBW/ak) | Case No. 1:05-CV-01290 |
| ) NATIONAL POSTAL MAIL HANDLERS ) UNION, A DIVISION OF THE ) LABORERS' INTERNATIONAL UNION ) OF NORTH AMERICA, ) ) and ) ) UNITED STATES POSTAL SERVICE, ) ) Defendants. ) | |

# Exhibit 3 to Collins Declaration

```
RI-399 JURISDICTIONAL DISPUTE
ARBITRATION PANEL
-------------------------------------X
                                     :
IN THE MATTER OF THE ARBITRATION     :
                                     :
            between                  :   CASES
                                     :
UNITED STATES POSTAL SERVICE         :   B00C-1B-J02101574
                                     :   B0200200359
            -and-                    :   B00C-1B-J04198423
AMERICAN POSTAL WORKERS UNION, AFL-CIO :  B0200400893
                                     :
            -and-                    :   Boston, Massachusetts
                                     :   Postal Facility
NATIONAL POSTAL MAIL HANDLERS UNION  :
                                     :
-------------------------------------X
```

Before:              Eric J. Schmertz, Arbitrator

Appearances:         For the U.S. Postal Services

                     Francis E. McNamara

                     For the APWU:

                     Michael LaPoint

                     For the NPMHU:

                     Robert J. Broxton


Place of Hearing:    Boston, Massachusetts

Dates of Hearing:    December 7, 2005

RECEIVED

JAN - 4 2005

NEWMAN NE REGION

The hearing on December 7, 2005 at the Boston, Massachusetts Postal Facility involved cases:

B00C-1B-J02101574; B020020035;
B00C-1B-J04198423; B020040089

However, the parties agreed that a decision should be made by the arbitrator on the following threshold question:

1. Whether the APWU has the contractual or institutional right to challenge the jurisdiction of this RI399 Arbitration, by asserting that the above-cited disputes should be adjudicated under Article 15 of the collective bargaining agreement between the APWU and the Postal Service and not in the RI399 Form.

It was stipulated by the parties that if that question is answered affirmatively, a subsequent hearing would be held on the substantive questions of:

2. Whether those disputes are "cross-craft" issues, subject to contractual adjudication or "jurisdictional," subject to RI399 determination.

3. And if then it is determined that they are "jurisdictional," a RI399 hearing would be held on those issues, with the rights of the parties on other arbitrability or non-arbitrability assertions and defenses, expressly reserved.

If the answer to the initial threshold question is in the negative, a subsequent RI399 hearing will be held under the conditions of #3 above.

2

The Service and the Mail Handlers argue that the first time the APWU contended that those disputes belong under Article 15 of the collective bargaining agreement was at the instant hearing on December 7th, 2005; that failure to assert or appeal that position in the LDRC under the requirements of Regional Instructions I399 Memorandum of April 16, 1992, and particularly Question and Answer #3 of the RI399 "Q and A," is evidence of that failure.  And/or constituted, if not a fatally late argument, at least a waiver or abandonment of that argument.

The APWU contends otherwise.  It takes the position that it not only originally filed the disputes as "cross-craft" issues under Article 15 of the collective bargaining agreement, but expressly asserted the contract provisions claimed as violated, and that thereafter, when the disputes were referred by the Service to the RI399 Forum, the defense that they properly belonged under the contract grievance and arbitration provisions (i.e. Article 15) was expressly reserved in its "position paper" submitted to the Local Committee.

Question and Answer #3 which was negotiated and agreed to by all three parties as the explanation and interpretation of that part of the Memorandum is therefore binding on all three parties and is explicit in its terms.

It reads:

> "3. If a grievance exists or is filed alleging a violation of the contract other than RI399 (e.g. Article 7.2) and one of the parties believes the issue in the grievance constitutes a jurisdictional dispute, what if anything should be done with the grievance."
>
> <u>Answer</u>: It must be referred to the Dispute Resolution Committee for an initial determination as to whether or not it involves a jurisdictional claim. If it is determined it involves a jurisdictional claims the grievance will be processed in the Dispute Resolution Procedures. If the Committee is in disagreement as to whether or not the grievance involves a jurisdictional claim, that question is applicable through the Dispute Resolution Procedures up to an including arbitration for resolution prior to the parties addressing the merits of the dispute. The three parties shall review cases at the lowest possible level which raise the potential of containing a jurisdictional disputes so that the proper procedure is utilized to resolve disputes/grievances."

The critical questions are:

1. Whether the Local Committee was "in disagreement as to whether or not the grievance involving a jurisdictional claim"; and

2. If so, did the APWU "appeal" or object to the processing of the disputes to and before the RI399 Forms, within the intent and meaning of Q and A #3?

4

The APWU relies primarily on the statement in the Tripartite Decision letter of August 29, 2005 that referred the disputes to Regional RI399 arbitrations, which states:

> "The parties' positions on the dispute are as reflected in the position papers submitted by their representatives on the Local Committee."

and the statement at the end of its position paper that:

> "Contractual Articles 7.2 should apply. There was not an insufficient amount of work in the MailHandlers Craft and the (sic) was not exceptionally heavy workload in the Clerk Craft";

As evidence that the APWU preserved its argument that the disputes belonged under the contract, not in RI399 Arbitration.

I am not persuaded that the foregoing constituted an adequate reservation by the APWU of its claim that the disputes were contractual, not jurisdictional.

Question and Answer #3 requires that the Local Committee "be in disagreement" on that question. Notwithstanding that statement in the APWU position paper, it was not set forth as an issue in the "Appeal" of the APWU to the Regional Dispute Resolution Committee. In those "Appeals" the "Issue in Dispute" was expressly stated as:

> "Allied Duties in Automation, Tour (I or II e.s.), Northeast Boston."

5

If the disputes also included a disagreement or an assertion over whether they belonged under the contract or in RI399 arbitration, that particular question, shouldand, I conclude would have been included in the "Issue in Dispute." So I cannot conclude that at that "lower" level there was a "disagreement" or even an argument over the proper forum, within the meaning and intent of Q&A #3 and as required therein.

Moreover, Q&A #3 requires appeals "<u>through</u>" the Dispute Resolution Procedures <u>up to</u> and including arbitration. That means that a dispute over the authority of the RI399 Forum, must be asserted expressly through each step of the Procedures, including in the appeals of the APWU and the NPMH to the Regional Dispute Resolution Committee. In these cases that was not done at that level, and I conclude that the ultimate appeal of the Local Committee to RI399 Arbitration did not therefore include or preserve any position by the APWU that RI399 Arbitration was the wrong forum.

At best, the referrals of August 29, 2005 of the Local Committee to RI399 is ambiguous on that threshold question. The APWU representative signed the Tripartite Decision Letter with the following express fortunate:

> "This document also serves as notice to the USPS and the NPMHU that the APWU does hereby <u>appeal this dispute to Regional Arbitration.</u>"
> (emphasis added)

6

The dispute referred to in the Decision letters is stated as:

> "...APWU dispute regarding allied duties in the Tour (I&III e.s.) automation area of the Northwest Boston P&DC."

It makes no mention of the APWU challenge to the RI399 Procedures. Indeed, instead, the APWU representative "appealed" the substantive dispute (not a dispute over the forum) to Regional RI399 arbitration.

The foregoing can only be interpreted as an acceptance by the APWU of the RI399 Forum for resolution of the disputes, substantively, not a retention of a right to challenge the RI399 authority. And it does not contain any evidence or expression of a "disagreement" on that question within the Committee.

The final sentence of the APWU positions paper creates at best the ambiguity mentioned. But in view of the express and unambiguous terms of Q&A #3, on "disagreements within the Local Committee" and "appeal" procedures, such an ambiguity, even if credited as factual (though I think it was only a reiteration of an original position when the disputes were first grieved under the contract) is inadequate to overturn or rebut what the later evidence shows to be a clear preference for and an acceptance by all three parties of RI399 arbitration to resolve the disputes substantively, if otherwise arbitrable.

7

For the foregoing reasons, the APWU motion to be allowed to raise the issue of whether these disputes should be adjudicated under the collective bargaining agreement and not in R1399 arbitration, is denied.

*[signature]*
Eric J. Schmertz, Arbitrator

DATED: December 16, 2005

STATE OF NEW YORK   )
                    ss:
COUNTY OF NEW YORK  )

    I, Eric J. Schmertz do hereby affirm upon my Oath as Arbitrator that I am the individual described in and who executed this instrument, which is my AWARD.

*[signature]*