UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br>(RBW/ak)<br><br>NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,<br><br>and<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendants. | Case No. 1:05-CV-01290 |

# Exhibit 6 to Hill Declaration

## SETTLEMENT AGREEMENT

Re: Operations 110-129 and 180-189; Dock Connection Transfers; and Non-Jurisdictional Cases

As clarification to existing Memoranda of Understanding, Letters of Intent, and previous correspondence, the parties agree to the following:

### 1. Operations 110-129 and 180-189

Craft assignments in Operations 110-129 and 180-189 may be made by management based on the primary purpose of the operation. The parties recognize that there may be disagreements among the parties regarding what the primary purpose of any particular operation is and reserve the right to make such arguments in individual cases.

If an opening unit described in Operations 110-129 and 180-189, which normally is located inside a facility, is instead located on a platform, the RI-399 guidelines for Operations 110-129 and 180-189 still govern. If a platform operation described in Operations 210-239, which normally is located on a platform, is instead located inside a facility, the RI-399 guidelines for Operation 210-239 still govern.

In accordance with the Memorandum of Understanding (Re: Dispute Resolution Procedures), dated April 1992, "[m]anagement will not engage in operational changes for the purpose of affecting jurisdictional assignments in a facility." A change in the operation number alone, without any change in the way the operation is performed, is not considered an operational change for the purposes of that Memorandum of Understanding.

### 2. Dock Connection Transfers

For the purposes of applying item 12 of Operations 210-239, the term "making dock connection transfers" means performing the duties of verification, oversight, and record keeping associated with assuring that the proper connections and transfers are made.

### 3. Non-jurisdictional Cases

The parties agree that those grievances not dealing with jurisdictional issues shall not be referred to the RI-399 Dispute Resolution Procedures and, if such cases already have been referred, shall be removed from the RI-399 Dispute Resolution Procedures for further processing under the terms of Article 15 of the appropriate National Agreement. Regional and Local Dispute Resolution Committees are responsible for identifying such grievances.

For these purposes, non-jurisdictional cases are those cases in which the underlying craft jurisdiction is not under challenge. These cases are cases where there exists an inventory that has been properly completed and signed by representatives of all three parties; cases where there was no dispute pending as of April 29, 1992, and there has been no claim of New or Consolidated Facilities, New Work, or Operational Change since that date; and cases where the remedy sought by the grieving union does not include permanent reassignment of the work to a different craft. The mere citation of, or reference to, RI-399 either in a union's grievance or in a management response to a grievance does not mean that the case involves a jurisdictional dispute; rather, the parties must examine each case to determine whether it involves a jurisdictional dispute that must be resolved under RI-399 or whether it is a non-jurisdictional case that should be resolved under Article 15 of the appropriate National Agreement.

NPMHU-0001

The parties agree that an arbitrator hearing a non-jurisdictional case under the Article 15 procedures is not empowered to decide jurisdiction; that no party will seek a determination from the arbitrator on jurisdiction; and that any portion of the arbitrator's award which may include a decision on jurisdiction will be disregarded and will not be implemented.

**4. Scope of the Settlement**

Pursuant to the Memorandum of Understanding (dated April 16, 1992, but effective on April 29, 1992) "no new disputes will be initiated at the local level by either union challenging jurisdictional work assignments in any operations as they currently exist. Except as otherwise specifically provided in New or Consolidated Facilities, New Work, or Operational Change sections contained in this memorandum, all local craft jurisdictional assignments which are not already the subject of a pending locally initiated grievance will be deemed as a proper assignment for that facility."

Accordingly, the principles set forth in this Settlement Agreement will be applied only to any properly filed pending disputes involving those operations. No craft changes will be made based on this agreement in facilities in which no properly filed dispute is pending.

This agreement constitutes full and final settlement of the following national cases and all cases held pending the resolution of these national cases:

| | | |
|---|---|---|
| 1. | Q90M-4Q-J 95001820 | Primary purpose |
| 2. | H7C-4R-C 13088 | Dock connection transfers |

All open grievances and disputes involving these two issues will be promptly resolved or otherwise processed in accordance with the principles contained herein. All grievances held at the national level involving these two issues will be promptly remanded to the Regional Dispute Resolution Committee for prompt resolution in accordance with the principles contained herein.

_[signature]_   AUG 0 3 2000
Moe Biller
President
American Postal Workers Union, AFL-CIO

_[signature]_
William H. Quinn
President
National Postal Mail Handlers Union, AFL-CIO

_[signature]_
Anthony J. Vegliante
Vice President, Labor Relations
U.S. Postal Service

NPMHU-0002