UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>    Plaintiff,<br><br>    v.<br>(RBW/ak)<br><br>NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,<br><br>    and<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendants. | Case No. 1:05-CV-01290 |

# Exhibit 8 to Hill Declaration

<u>BEFORE ARBITRATOR</u>
<u>ERIC J. SCHMERTZ</u>

In the Matter of the R.I. 399 Arbitration Amongst

| | |
|---|---|
| The National Postal Mail Handlers Union, AFL-CIO, CLC | Disputing Party: NPMHU |
| -and- | Grievance Nos: 93107, 93203 A90M-1A-J 94010505, A90M-1A-J 94010504 |
| The United States Postal Service | |
| -and- | Place: Brooklyn GMF Brooklyn, New York |
| The American Postal Workers Union | Date: 1/21/05 |

<u>OPENING STATEMENT OF THE NPMHU ON BEHALF OF THE MAIL HANDLER CRAFT AT THE BROOKLYN GENERAL MAIL FACILITY, BROOKLYN, N.Y.</u>

Issue: Did the U.S. Postal Service Improperly Assign Ad Hoc Work Details to Clerk Craft Employees for the Label Maker and Copy (Duplicating) Room instead of Assigning NPMHU represented Mail Handler craft employees to these primary craft duties. If not, what shall be the remedy?

<u>On the Opening Brief</u>:
Lawrence Hill
New York State Rep. Local 300
452 Dawson Lane
Jericho, New York
11753-2555
516-681-2888
Fax: 516-681-1375
E-Mail: LHILL93601@aol.com

1

NPMHU-0006

## A. Disputed Work on Cases 93107 and 93203

The first two RI-399 cases that arise here at the Brooklyn GMF with the NPMHU as the moving party are very simple cases involving work assignments that are historically performed nationwide by the Mail Handler craft in all facilities. The genesis of these work assignments is found under the aegis of the Key Position Descriptions formulated by law under the Postal Reorganization Act of 1970.[1]

In the first case, the work in dispute is that of the Label Printer or Label Maker position. After performing this work for decades a postal manager stripped the position from the NPMHU represented Mail Handler craft employees in 1993, which resulted in the filing of the attendant grievance. The second case involves a similar circumstance wherein the postal manager stripped the copy room (duplicating) duties from the Mail Handler craft and unilaterally turned it over to the clerks. The NPMHU filed grievances on both cases due to the lack of cooperation from the APWU and the USPS. **Subsequently, the USPS themselves exercised their right by referring the two respective grievances into the RI-399 Dispute Resolution Procedures.** Since the Regional Dispute Resolution Committee

---

[1] 39 U.S.C. 1001, Postal Reorganization Act, 1970.

2

NPMHU-0007

had not resolved the dispute, they certified the case to arbitration and the **Brooklyn LDRC** was finally forced to convene and issue the current **Tripartite Decision Letters,** (TDL's) which form the basis of the parties official positions on the cases.

It must be noted that the positions or work assignments in dispute were filled on an **ad hoc detail basis.** Postal **details** are usually temporary assignments of 90 days or less of employees off of their normal duty assignments (job bids). In this case, the USPS clearly chose the wrong craft to perform this work. It is also notable that the work in dispute is (a) not work on the workroom floor where mail is processed, but rather simple office duties. We therefore do not have the conventional case *en arguendo* involving whether or not the work is distribution or separation, nor any of the other standard mail processing arguments. The positions are likewise (b) not covered under **the Mail Processing Work Assignment Guidelines** that you have become familiar with in the rear of the NPMHU-USPS National Agreement.[2] And thirdly, the USPS and APWU under the aegis of the LDRC (c) did not chose to incorporate the two positions in the discussions of the Brooklyn RI-399 Inventory process in 1992. The USPS had portrayed the work as being only part time ad hoc detail work not requiring discussion

---

[2] Page 160 of the USPS-NPMHU National Agreement.

3

of the implementation criteria for establishment of full-time duty assignments. After the RI-399 work assignment <u>Inventory</u> for Brooklyn had been signed off on in 1992, the USPS then decided in 1993 to strip the positions from the Mail Handlers and hand them over to the clerks. At that time, after investigation by the NPMHU, it was discovered that the clerks were being given full-time duty assignments which indeed met the 4 hour criteria for posting of a formal duty assignment which rightfully belonged to the Mail Handler craft.[3] Neither the USPS nor the APWU have met it's burden under Article 1 of the National Agreement propounded by numerous Arbitrators, both regionally and nationally who maintain that as in this instance, the USPS would have had to comply with the attendant six criteria to assign clerks to that work. Clearly off the bat, the APWU represented clerks cost at least $1,800 more a year per man/year to perform the identical work. Under no circumstance would it be more efficient and more effective to utilize clerks to perform either the <u>duplicating work</u> or the <u>label printing</u> work instead of Mail Handlers.

### B. Mail Handlers Have Historically Performed the Duplicating and Label Maker Work at the Brooklyn GMF Facility

---

[3] See Article 7 of the National Agreement and the Implementation Criteria of RI-399 located in the rear of the USPS-NPMHU National Agreement, page

4

NPMHU-0009

Due to the Key Position Assignments rendered to the NPMHU pursuant to the <u>Postal Reorganization Act of 1970</u>, USPS management in Brooklyn used Mail Handlers to perform the work in dispute here since approximately 1970. This is in contradistinction to the newly raised argument from the APWU that it has performed the work since 1983. This deviation from the truth by the APWU has it's genesis in the fact that only light/limited duty clerks were allowed to supplement the Mail Handlers performing this work. The NPMHU on a charitable basis did not chase out these light/limited duty clerk craft people so that they could have work and feed their families. And now, the APWU wants to repay our kindness by stealing this work away from the NPMHU represented Mail Handler craft.

Former Brooklyn Branch NPMHU Administrative Vice President **Amesha Hargrove** affirms that at least four full-time career Regular Mail Handlers performed these duties since circa 1970. The were;

    a. **Paul Wrighton**

    b. **Lou Williams**

    c. **Neil Sherlin**

    d. **Joseph Henry.**

The NPMHU's **Daisey Boughknight**, former Acting Administrative Vice President and an <u>NPMHU National Contract Administration Representative</u> at National Headquarters, also hailing from here in Brooklyn affirms that to her knowledge, Mail Handler Joseph Henry performed the functions from circa 1987 onward until at least 1993, when she left the union. She attests that a clerk named Francois, who was a light/limited duty clerk craft employee was allowed to work in the disputed sections. It was not until a postal manager, Lillian McPhall, according to Daisey, got angry with Mr. Henry and replaced him with Francois and thereafter any other clerks she felt like *featherbedding,* that the work was stripped away from the NPMHU. A supervisor's anger does not constitute a valid or legitimate reason for stripping away a duty assignment from a craft.

Currently there are clerk craft employees still performing the duplicating and label maker work which was given a Key Position Assignment by law. The RI 399 process had been extremely slow in giving the NPMHU it's day in court so to speak. The USPS argues that they are not authorized the Key Positions. This oxymoronic reasoning is proof positive that the USPS has mis-assigned these clerks into legitimate Mail Handler jobs. The work currently makes up enough time to post at least two full time Mail Handler craft duty assignments in accordance with the implementation

6

criteria established under RI-399 and Article 7 of the National Agreement. The NPMHU fully expects to meet it's burden of proof on these points and will ask the Arbitrator to remedy this situation.

Respectfully submitted,

*Lawrence Hill* (signature)

Lawrence Hill
NPMHU, NY State Rep. Local 300