UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br>(RBW/ak)<br><br>NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,<br><br>and<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendants. | Case No. 1:05-CV-01290 |

# Exhibit 10 to Hill Declaration

Summary of Opening by APWU

A90M-1A-J 94010505   Local Number 93-107  (Label room)
A90M-1A-J 94010504   Local Number 93-203  (Copy room)

The Hearing was held in Brooklyn on January 21, 2005

Both the Service and the APWU advanced issues of arbitrability.

The position of the APWU is as follows

The Brooklyn facility opened on July 7, 1992. The memorandum for filing disputes over jurisdiction was signed in April of 1992. This memorandum required both the Mail handlers and the APWU to cease filing grievances over work assignments ( crossing crafts). It established a new procedure to follow. This procedure became effective on June 28, 1992. (60 days after signing of Memorandum in April of 1992) If either Union felt that an assignment was improper and decided to appeal such, the procedures in the memorandum must be followed.

The two separate issues that the Mail Handlers are disputing is the assignment of clerks to the copy room and label room. Prior to the move to the new Brooklyn facility clerks were assigned to these functions. The dispute memorandum outlined the following:
*With the exception of new or consolidated facilities, new work, or operational changes, NO new disputes will be initiated at the local level by EITHER Union challenging jurisdictional work assignments in any operations as they existed in April 29, 1992 (see joint 1)*
*GENERAL PRINCIPLES*
*It is significant to note that the new procedure will be implemented 60 calendar days after the effective date of the MOU's.*

If the Mail Handlers wanted to dispute the two assignments of the clerks in the copy room and/or label room such should have

been filed at the previous facility, but no later than June 28, 1992. According to exhibits APWU #1 and # 2, the Mail Handlers did not utilized the new disputes procedures set forth in April of 1992. They filed grievances in October of 1993 under their grievance procedure with the Service. This procedure is bilateral and not tripartite. The purpose of the Dispute memorandum was to be tripartite.

For this dispute to be filed correctly and within the procedures of the dispute memorandum, it would have had to been initiated within 30 days from when the facility had opened ( July 7, 1992).

Such was not the case. The evidence of record which is the grievance papers of the Mail Handlers Union, demonstrate that a grievance under their contract and not the dispute memorandum was filed in October of 1993. Over one year later the Mail handlers decide they want work that is properly assigned to clerks. The Mail Handlers rested their right to file any dispute. We request both issues of the copy room and label room be dismissed based the tripartite procedures set forth in the 1992 Memorandum.

Respectfully Submitted

*Michael E. La Point* 2/11/65

Michael E. La Point
APWU Advocate