UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, <br><br> Plaintiff, <br><br> v. <br> (RBW/ak) <br><br> NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, <br><br> and <br><br> UNITED STATES POSTAL SERVICE, <br><br> Defendants. | Case No. 1:05-CV-01290 |

# Exhibit 13 to Hill Declaration

Post Hearing Brief of the American Postal Workers Union, AFL-CIO
Jurisdictional Dispute Panel
Date of Hearings January 21 and February 18, 2005
A90M-1A-J 94010505   Local Number 93-107   (Label room)
A90M-1A-J 94010504   Local Number 93-203   (Copy room)

Brooklyn, New York

For

Arbitrator Eric Schmertz
230 Park Avenue, Suite 416
New York, New York  10169-0001

Mr. Arbitrator;

Two hearings were held in Brooklyn, New York. One on January 21, 2005 and the second on February 1, 2005

Both the Service and the APWU advanced issues of arbitrability.

The position of the APWU was as follows:

The Brooklyn facility opened on July 7, 1992. The memorandum for filing disputes over jurisdiction was signed in April of 1992. (Joint #1) This memorandum required both the Mail Handlers and the APWU to cease filing grievances over work assignments ( crossing crafts). It established a new procedure to follow. This procedure became effective on June 28, 1992. (60 days after signing of Memorandum in April of 1992) If either Union felt that an assignment was improper and decided to appeal such, the procedures in the memorandum must be followed.

The two separate issues that the Mail Handlers are disputing is the assignment of clerks to the copy room and label room.   Prior to the move to the new Brooklyn facility clerks were assigned to these functions.  The dispute memorandum outlined the following:
*With the exception of new or consolidated facilities, new work, or operational changes, NO new disputes will be initiated at the local level by EITHER Union challenging jurisdictional work assignments in any*

*operations as they existed in April 29, 1992 (see joint 1)*
*GENERAL PRINCIPLES*
*It is significant to note that the new procedure will be implemented 60 calendar days after the effective date of the MOU's.*

If the Mail Handlers wanted to dispute the two assignments of the clerks in the copy room and/or label room such should have been filed at the previous facility, but no later than June 28, 1992. According to exhibits APWU #1 and # 2, (Grievance papers of the Mail Handlers Union that were filed with the Employer) the Mail Handlers did not utilized the new disputes procedures set forth in April of 1992. They filed grievances in October of 1993 under their grievance procedure with the Service. This procedure is bilateral and not tripartite. The purpose of the Dispute Resolution memorandum was to be tripartite ( Joint #1).

For this dispute to be filed correctly and within the procedures of the dispute memorandum, it would have had to been initiated within 30 days from when the facility had opened ( July 7, 1992). The Label room grievance step one meeting was held on October 16, 1993 (page six of APWU exhibit one). The Copy room grievance step one meeting was held on October 16, 1993 (page seven of APWU exhibit two)

Such was not the case. The evidence of record which is the grievance papers of the Mail Handlers Union, demonstrate that a grievance under their contract and not the dispute memorandum was filed in October of 1993. (see page two of APWU exhibits one and two) Both of these grievances were filed under Article seven and 12 of the Mail handlers Contract with the Employer).

Over one year later the Mail handlers decide they want work that is properly assigned to clerks. The Mail Handlers rested their right to file any dispute.

The Employer also takes the position of these two grievances as being untimely. Their reasons are different from the APWU. However their reasons are also ones that, without a doubt, are sustainable.

The Employer introduced four separate exhibits. Their exhibits # 1 and #4 are their opening statements for each the of two grievances before you. Both of these opening statements discuss two separate local agreements that the

NPMHU-0101

Mail Handlers and the Employer had entered into. The Employers Exhibit #2 is a local agreement between the Mail Handlers and the Employer that discusses cross craft grievances and RI-399 issues. In summary of this exhibit the two parties agreed to hold all crossing craft and RI-399 grievances for 120 days. The date of this local agreement is November 24, 1992. The second local agreement that was signed by the Mail Handlers and the Employer was dated February 3, 1993. This document discusses clarifying and adding to the first local agreement of November 24, 1992. In item number 3 of Employer #3 the two parties agreed that the 14 day filing period would begin on March 26, 1993.

First and foremost is these two local agreements that were entered into by the Employer and the Mail Handlers Union violated the spirit, intent and principle of the April 29, 1992 Dispute Resolution Memorandum. Sixty days from that point is the implementation of the Memorandum. This April 1992 Memorandum was between all Three Parties at the National Level. This document is binding on all three parties in any Post Office in the country. The spirit, intent and principle of this Memorandum was for all disputes from this period in time must be in a tripartite forum. There were to be no more grievances filed by either of the Unions with the Employer. The two local agreements that the Mail Handlers Union and the Employer entered into must be found null and void. For any agreement on an issue that discussed cross crafts or RI-399 disputes to be able to be enforced must have been entered into by ALL THREE PARTIES. The APWU was not a signatory to those agreements that were signed on November 24, 1992 nor the one that was dated February 3, 1993.

Secondly, If these two exhibits from November 24, 1992 and February 3, 1993 were correct and within the scope of the parties to enter into, then the Mail Handlers failed to filed their grievance or disputes over the Copy room and Label room. Exhibit #3 of the Employer CLEARLY states hat the filing time for a grievance or dispute would have had to been filed within 14 days of March 26, 1993. As you already know these grievances were not filed until October of 1993. If this exhibit was deemed to be proper, then the grievances or disputes of the Mail Handlers would have had to been filed with the Employer by no later than April 9, 1993. As you well know from the APWU exhibits #1 and #2 their grievances were not filed until October 16 of 1993. This is well past the time frame that was illegally given by the Employer.

At this time we will address the Mail Handlers Union defense. On page two of their defense that was submitted on February 18, 2005 they make reference to the Mid Hudson facility. That facility and the case that was presented their has nothing to do with these cases. The locations are not the same, the circumstances are not the same nor hare the facts of these issues the same as Mid Hudson. On page 3 The Mail Handlers discuss a withholding process. Such a process is the withholding of positions that are already created and subsequently vacated. This has nothing to do with jurisdiction of work assignments. If their were to be excess employee being transferred to different crafts, then their craft designation would be changed. Its has nothing to do with work is doing the work at that time. At the bottom of their page 3 going into page 4 the Mail Handlers state that new fact circumstances present themselves each and every day. Those circumstances must be in compliance with the April 29, 1992 Memorandum for the Mail Handlers or the APWU to file a dispute. Such was not filed by the Mail Handlers in accordance with this Memorandum. The Mail Handlers State again on page 3 that they were performing this work and such was stripped from them. They presented NO witnesses to be able to demonstrate this claim.

On page 5 the Mail Handlers make reference to their grievance papers that that step two decision letter failed to claim that these grievances were untimely. The April 29, 1992 Memorandum is the controlling document, not the Mail Handles or the APWU contracts with the Employer. Their grievances were filed post the April 29, 1992 Memorandum. Disputes after April 29, 1992 are in a tripartite forum. The APWU was not included in the filing of their grievance in October of 1993.

On Page 12 the Mail Handlers made reference that 4 full time Mail Handlers worked in "key position/standard positions". At no time was any testimony given by any of these Mail Handlers that they had actually been assigned to these positions and had been unilaterally been removed from them. On page 14 the Mail Handlers state that a certain Mail Handler was improperly deposed. This Mail Handlers was not brought to testify that he actually was assigned and unilaterally removed from his assignment. <u>No evidence, just rhetoric.</u>

In closing Mr. Arbitrator, you said it well at the closing of the Mail Handlers defense on February 18, 2005. The Mail Handlers had previously made reference in their opening "brief", that the clerks were just malingering in

NPMHU-0103

these assignments. You then responded with 12 years of such. The Mail handlers opening "brief was more to the merits of their case. They avoided the arbitrability issue. The reason for that is because they fully know that their two grievances filed under their contract in October of 1993 were not in accordance with the procedures that were set forth in April of 1992. They rested their rights and you should denied their grievances/disputes on the Label room and Copy room.

We respectfully request that you sustain the position of the APWU and the Employer that these two grievance are not arbitrable.

Respectfully Submitted

*Michael E. La Point* 3/7/05

Michael E. La Point
APWU Advocate