UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                      )
AMERICAN POSTAL WORKERS UNION,   )
  AFL-CIO,                                                        )
                                                                      )
                                                                      )
         Plaintiff & Counterclaim                      )    Civil Action No. 05-1290 (AK)
                Defendant,                                    )
                                                                      )
                  v.                                                )
                                                                      )
                                                                      )
NATIONAL POSTAL MAIL HANDLERS      )
  UNION, A DIVISION OF THE LABORERS'  )
  INTERNATIONAL UNION OF NORTH        )
  AMERICA, AFL-CIO,                                  )
                                                                      )
         Defendant & Counter-                          )
                Claimant,                                      )
                                                                      )
  and                                                              )
                                                                      )
                                                                      )
UNITED STATES POSTAL SERVICE,            )
                                                                      )
         Defendant & Cross-Claim                    )
                Defendant.                                     )
_____)

**UNITED STATES POSTAL SERVICE'S OPPOSITION TO
THE NATIONAL POSTAL MAIL HANDLERS UNION'S
MOTION FOR SUMMARY JUDGMENT
AND
RESPONSE TO AMERICAN POSTAL
<u>WORKERS UNION'S  MOTION FOR SUMMARY JUDGMENT</u>**

Defendant United States Postal Service ("Postal Service") hereby submits the following

opposition to the motion for summary judgment of the National Postal Mail Handlers Union

("NPMHU") and response to the motion for summary judgment of the American Postal Workers

Union ("APWU").

<h2 style="text-align:center"><u>PRELIMINARY STATEMENT</u></h2>

The Postal Service, as a nominal defendant in this matter, is primarily interested in ensuring that the process agreed upon by the three parties, the NPMHU, APWU and Postal Service, for resolution of jurisdictional disputes is properly followed in this and future matters. In this case, it was not.

Rather than following the tripartite process agreed upon by the parties in the Memorandum of Understanding concerning "Regional Instruction 399 - Dispute Resolution Procedures" ("RI-399 Dispute Resolution Procedures") and related documents, the arbitrator relied upon an improper, inapplicable bipartite agreement in rendering his decision. Since that bilateral agreement is deemed "null and void" under the applicable tripartite agreements, his reliance on that bilateral agreement was improper and beyond his authority. Hence, the Award rendered by Arbitrator Eric J. Schmertz ("Award") should be vacated because it relies on an inapplicable external document that conflicts with both the express language and spirit of the parties' tripartite agreements. *See* Point I, *infra*.

In addition, in the Award, the arbitrator remanded the dispute, which he stated involved jurisdictional claims, to an improper forum, namely the grievance-arbitration process set forth in Article 15 of the collective bargaining agreement between the NPMHU and the Postal Service. As the RI-399 forum is the exclusive way to resolve tripartite jurisdictional disputes, the arbitrator was without authority to remove it from the RI-399 forum, absent a ruling that the

dispute was not of a jurisdictional nature.[1]  As such a ruling was not made, the Award must be vacated because the arbitrator exceeded his authority.  *See* Point II, *infra.*

In the alternative, if this Court is unable to determine the basis of the Award, the Postal Service respectfully requests that this case be remanded to the arbitrator for clarification of the Award's meaning.  *See* Point III, *infra.*

## STATEMENT OF FACTS

The Postal Service incorporates the facts set forth in the statements of undisputed material facts submitted respectively by the APWU and NPMHU, except to the extent that those facts are disputed, not material, supplemented and/or qualified by the Postal Service's response and supplement to the statements of undisputed material facts of the NPMHU and APWU ("Postal Service Supplemental Facts"), which is being filed contemporaneously with this opposition and response.

## SUMMARY JUDGMENT STANDARD

The Postal Service incorporates the applicable summary judgment standard set forth by the APWU and NPMHU. *See* APWU Br. at 8-9; NPMHU Br. at 10.

---

[1] The NPMHU defines "jurisdictional disputes" as "disputes that seek to change craft assignments or determine undecided craft assignments" (NPMHU Statement of Undisputed Facts at ¶ 8) and "cross-craft" disputes as those "over the performance of work in violation of the craft assignments" (*id.* at ¶ 11).  The APWU states that a jurisdictional dispute involves the "issue of which craft – the clerk craft or the mail handler craft – is to be assigned to carry out various functions in the Postal Service. APWU Statement of Undisputed Facts at ¶ 2.

3

## **STANDARD FOR VACATUR OR ENFORCEMENT OF ARBITRAL AWARDS**

The Postal Service does not dispute that, based on the Steelworkers Trilogy,[2] the standard for vacating Arbitrator Schmertz' award is one that is highly deferential to the labor arbitration process. However, the Supreme Court has made clear that an arbitrator's discretion to fashion an award has limits. A labor arbitrator is "confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). The arbitrator's award is valid only so long as it "draws its essence from" the parties' contract. *Enterprise Wheel & Car Corp.*, 363 U.S. at 597. And, "[w]hen the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." *Id*. An award does not draw its essence from the contract where "the arbitrator ... rendered a judgment based on external legal sources, wholly without regard to the terms of the parties' contract." *APWU v. Postal Service*, 789 F.2d 1, 8 (D.C. Cir. 1986).

The Supreme Court has cautioned that in reviewing labor arbitration awards, a court has "'no business weighing the merits of the grievance [or] considering whether there is equity in a particular claim.'" *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 37 (1987) (quoting *Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 568 (1960)).

---

[2] *See United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960).

# ARGUMENT

## I.

### The Award Should Be Vacated Because the Arbitrator Improperly Relied on a Null and Void Bipartite Agreement.

The Postal Service agrees with the APWU's first argument that bipartite agreements, such as the one the arbitrator relied upon here in concluding that the NPMHU's grievances were untimely in the RI-399 forum, that purport to cover jurisdictional disputes between the three parties in the RI-399 process are null and void under the applicable tripartite agreements. *See* APWU Br. at 8, 14-15; Gallagher Decl. ¶¶ 8-9. For this reason alone, vacatur is justified, as the arbitrator exceeded his authority by relying upon and enforcing a null and void bipartite agreement that contravened the very terms of the MOU concerning the RI-399 Dispute Resolution Process and related tripartite agreements of the parties. *Id.; see, e.g., Mine Workers v. Marrowbone Development Co.*, 232 F.3d 383 (4th Cir. 2000) (affirming vacatur where arbitrator contravened contract by failing to hold hearing on disputed facts); *Local 120, Int'l Molders & Allied Workers Union v. Brooks Foundry, Inc.*, 892 F.2d 1283, 1286 (6th Cir. 1990) (award fails to draw its essence from parties' contract where it, *inter alia*, (1) "conflicts with the express terms" of that agreement, (2) "imposes additional requirements that are not expressly provided in the agreement").

The Eleventh Circuit's decision in *Interstate Brands Corp. v. Local 441, Retail Wholesale & Dep't Store Union*, 39 F.3d 1159 (11th Cir. 1994), is instructive. There, the court reversed an enforcement order where the arbitrator did not base his finding on the contract at issue, but, instead, on an erroneous reading of Department of Transportation regulations, which were not made a part of the contract. Similarly, here the arbitrator did not base his finding on the tripartite

5

contract under which he was appointed and under which the parties' dispute was to be resolved. Rather, he relied on a collateral, bilateral agreement that was not part of the applicable contract and was, in fact, null and void. In so doing, he exceeded his authority and his Award fails to draw its essence from the parties' tripartite contract. *See, e.g., Brooks Foundry, Inc.*, 892 F.2d at 1286 (6th Cir. 1990) (award fails to draw its essence from parties' contract where it, *inter alia*, "conflicts with the express terms" of that agreement); *APWU v. Postal Service*, 789 F.2d at 8 (D.C. Cir. 1986) (award does not draw its essence from the contract where "the arbitrator ... rendered a judgment based on external legal sources, wholly without regard to the terms of the parties' contract").

      The NPMHU does not disagree that bilateral agreements, such as the one Arbitrator Schmertz relied upon here, are improper in the RI-399 setting. Nor does the NPMHU dispute that Arbitrator Schmertz' Award relied primarily on this null and void agreement in determining that the "jurisdictional claims" should be "reinstate[d] or reactivate[d]" in the Article 15 bipartite arena. Award (Hill Decl. Ex. 15; Gallagher Decl. Ex. 3) at 7; Postal Service Supplemental Facts Nos. 5-6. Rather, the NPMHU seeks to obfuscate this key element of the Award by stripping the last few sentences of the Award out of their context and manipulating them in an attempt to make them advantageous to the NPMHU. But in so doing, as set forth below, the NPMHU ignores the very language of the Award, which directly addresses – and undermines – its argument.

## II.

## Vacatur Is Appropriate Because Jurisdictional
## Disputes May Be Heard Only in the RI-399 Forum.

Erroneously relying on the invalid bilateral agreement between the Postal Service and NPMHU that established certain time limitations, Arbitrator Schmertz held that the RI-399 forum was time-barred. Award (Hill Decl. Ex. 15; Gallagher Decl. Ex. 3) at 5-7. We have shown in Point I that this conclusion contravened the parties' tripartite agreements. Arbitrator Schmertz then went on to hold that the grievances, though not timely in the RI-399 forum, could be arbitrated under Article 15 of the collective bargaining agreement between the NPMHU and the Postal Service. *Id.* at 7. This too contravened the tripartite agreement because the conditions precedent to removal from the RI-399 process, and arbitration under the Article 15 process, had not been met.

We begin with the premise, to which all parties agree, that the RI-399 dispute resolution procedures set forth in the parties' tripartite agreements are the agreed-upon procedures for resolving jurisdictional disputes among the parties. *E.g.*, APWU Br. at 2-3, 5; NPMHU Br. at 3; Postal Service Response to NPMHU Fact No. 5; Postal Service Supplemental Fact No. 8. Indeed, they are the "exclusive" procedures for resolution of such jurisdictional disputes. APWU Br. at 2-3, 5; Postal Service Supplemental Fact Nos. 7-8. Hence, in order for an RI-399 arbitrator to transfer a dispute to another, non-RI-399 forum, he or she must at the very least determine, as a condition precedent, that a jurisdictional dispute is not presented. No such finding was made here.

Arbitrator Schmertz did not determine that the dispute presented by the grievances was not jurisdictional in nature. To the contrary, two of Arbitrator Schmertz' statements from the

Award strongly suggest, if not dictate, the polar opposite: that he believed that the NPMHU's grievances presented jurisdictional disputes.

    <u>First</u>, Arbitrator Schmertz found that the Postal Service "by unilateral, but undisputedly ***proper*** action ... [removed] these cases from the [Article 15] contract Arbitration docket and referred ... to the RI-399 forum." Award (Hill Decl. Ex. 15; Gallagher Decl. Ex. 3) at 3 (emphasis added); Postal Service Supplemental Facts No. 3. Thus, the arbitrator believed that the NPMHU's grievances were "proper[ly]" before him in the tripartite RI-399 forum.

    <u>Second</u>, Arbitrator Schmertz concluded that "the <u>effect</u> of [the Postal Service's action in referring the disputes to the RI-399 forum] was [1] to place the Mail Handlers in a forum which ... made ***their jurisdictional claims*** regarding the Copy room and the Label room ***untimely*** and hence not arbitrable.... [and] [2] to deny the Mail Handlers access to a due process forum, ***either under RI-399 or under the collective bargaining agreement***." Award (Hill Decl. Ex. 15; Gallagher Decl. Ex. 3) at 6-7 (underline emphasis in original; italics-bold-underline emphasis added); Postal Service Supplemental Material Fact No. 4. This statement also strongly suggests that Arbitrator Schmertz believed that the NPMHU's claims were jurisdictional, and <u>not</u> cross-craft, in nature.

    Given both of these statements, the very premise of the NPMHU's argument – that a cross-craft dispute is involved and therefore that Arbitrator Schmertz's transfer of that dispute to the bipartite Article 15 grievance-arbitration process was proper (NPMHU Br. at 15-19) – falls apart. If a jurisdictional dispute was involved, as the above-quoted language from the Award clearly implies, the arbitrator was without authority to remove the dispute from the tripartite RI-399 process established by the parties as the exclusive forum in which to resolve such

8

jurisdictional disputes.[3] Therefore, vacatur is appropriate. *See, e.g., Pennsylvania Power Co. v. Local Union No. 272, IBEW*, 276 F.3d 174 (3d Cir. 2001), *cert. denied*, 536 U.S. 959 (2002) (by reading additional provisions into the parties' agreement, arbitrator "exceeded the scope of the arbitration provision and his decision fails to draw its essence from that Agreement").

Even if Arbitrator Schmertz had not reached the issue of whether the dispute between the parties was jurisdictional or not, the Award does not state anything to the contrary. It does not state that the dispute was a cross-craft dispute. Nor does it state that it was not a jurisdictional dispute. Indeed, as demonstrated above, the exact opposite is implied.[4]

Since the Award does not state that the grievances did not present jurisdictional disputes, it appears that the NPMHU is improperly seeking to have this Court make the factual determination that this case involves a cross-craft dispute, for to enforce this Award would implicitly require an acceptance of the NPMHU's argument that this dispute is not jurisdictional and therefore does not belong in the RI-399 forum. In its quest to have this Court make that determination, the NPMHU relies on extraneous, irrelevant sources, ranging from papers relating

---

[3] For this reason, the arbitral awards cited by the NPMHU are inapposite. As the NPMHU acknowledges, one involved non-jurisdictional disputes that the arbitrator determined did not belong in the RI-399 forum. Collins Decl. Ex.2; NPMHU Br. at 17-18. In another, the parties "stipulated that one of the substantive issues ... was '[w]hether those disputes are "cross-craft" issues, subject to contractual adjudication or "jurisdictional," subject to RI-399.'" NPMHU Br. at 18; Collins Decl. Ex. 3. The third award addressed a dispute to which all parties "unanimously agreed" involved "jurisdictional claims under R.I. 399." NPMHU Br. at 19; Collins Decl. Ex. 4. If anything, these awards support the Postal Service's position that an RI-399 arbitrator may return only non-jurisdictional disputes to the Article 15 grievance-arbitration process.

[4] The declarant for the NPMHU, Lawrence Hill, states that the arbitrator decided to limit the initial (and only) days of hearing to the threshold issue of timeliness, and only later hear the merits. Hill Decl. ¶ 25. The Award addresses that threshold issue and determines the grievances were not timely. Award (Hill Decl. Ex. 15; Gallagher Decl. Ex. 3) at 2. This statement suggests that the arbitrator did not intend to address the merits of the dispute in the Award.

to its grievances (Hill Decl. Ex. 7), to submissions that it and the other parties made to the arbitrator, including written opening statements and post-arbitration briefs (*id.* Exs. 8-14). Such reliance is misplaced under well-established law that is cited by the NPMHU itself: "[T]he 'refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards.'" NPMHU Br. at 12 (quoting *Enterprise Wheel*, 363 U.S. at 596); *see also Misco, Inc.*, 484 U.S. at 37 (holding that a court has "'no business weighing the merits of the grievance [or] considering whether there is equity in a particular claim'" (quoting *American Mfg. Co.*, 363 U.S. at 568)). Accordingly, this Court should decline the NPMHU's invitation to delve into and resolve the factual question regarding the nature of the dispute between the parties here.

To the extent the arbitrator removed a jurisdictional dispute from the RI-399 forum, he acted outside of the parties' tripartite agreements relating to such disputes. To the extent he did not determine the nature of the dispute one way or the other, thereby failing to fulfill a condition precedent to a transfer to the Article 15 process, he also acted outside his authority. In either event, the Award should be vacated. *See, e.g., APWU v. Postal Service*, 789 F.2d at 8.

### III.

**In the Alternative, if the Basis of the Award Is Unclear, the Postal Service Requests that the Dispute Be Remanded to the Arbitrator for Clarification**

In the alternative, to the extent this Court concludes that it is not possible to determine the basis of the Award, we respectfully request that this dispute be remanded to the arbitrator for clarification of its meaning. *See, e.g., U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 831 (10th

Cir. 2005) (remanding to arbitrator where "there is more than one reasonable interpretation of the arbitration panel's award" and court's "role is not one of interpretation"); *cf. Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 533 (D.C. Cir. 1989) (rejecting remand to the arbitrator for an explanation of the arbitrator's thought process, but recognizing remand to the arbitrator for clarification of the award's meaning).

The NPMHU argues that "ambiguities in an arbitrator's statement of reasons for a decision" entitle a court to find any "'possible interpretive route to the award' that is within his authority." (NPMHU Br. at 20-21.)  That is incorrect. Courts choose to remand ambiguous awards to arbitrators for clarification rather than delve into the merits of the disputes or engage in guesswork about the meaning of awards*. See, e.g., U.S. Energy Corp.*, 400 F.3d at 831; *M&C Corp. v. Erwin Behr GmbH & Co.*, 326 F.3d 772, 782 (6th Cir. 2003) ("[F]or a court to engage in guesswork as to the meaning and application of an ambiguous arbitration award is inconsistent not only with federal policy, but also with the parties' own agreement to submit their dispute to arbitration"); *Green v. Ameritech Corp.*, 200 F.3d 967, 977 (6th Cir. 2000) (stating remand proper "to clarify an ambiguous award"); *Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 334 (3d Cir. 1991) (concluding trial court had authority to remand award to arbitrators for clarification of ambiguous award); *Bell Aerospace Co. Div. of Textron, Inc. v. Local 516*, 500 F.2d 921, 923 (2d Cir. 1974) (stating "construing ambiguous provisions of an arbitration award is the proper province of the arbitrator, not the courts"); *APWU v. Postal Service*, 254 F. Supp.2d 12, 15 (D.D.C. 2003) (remanding for clarification where the arbitrator's award was "susceptible to more than one interpretation").

## **CONCLUSION**

For the foregoing reasons, the Postal Service respectfully requests that the Award be vacated or, in the alternative, that the dispute be remanded to the RI-399 arbitrator for clarification.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar # 417787
Assistant United States Attorney
555 Fourth Street, NW, Tenth Floor
Washington, DC 20530
(202) 514-7198
Counsel for the U.S. Postal Service

Of Counsel:

TERESA A. GONSALVES
United States Postal Service
475 L'Enfant Plaza SW, Room 6424
Washington, DC 20260-1150
(202) 268-7252