UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>　　　Plaintiff & Counterclaim Defendant,<br><br>　　　v.<br><br>NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,<br><br>　　　Defendant & Counter-Claimant,<br><br>and<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　Defendant & Cross-Claim Defendant. | Civil Action No. 05-1290 (AK) |

**DEFENDANT UNITED STATES POSTAL SERVICE'S
RESPONSE TO THE STATEMENT OF UNDISPUTED MATERIAL
FACTS OF THE NATIONAL POSTAL MAIL HANDLERS UNION,
AND
SUPPLEMENT TO THE PARTIES'
<u>STATEMENTS OF UNDISPUTED MATERIAL FACTS</u>**

　　Defendant United States Postal Service ("Postal Service") hereby submits its (i) response to the statement of undisputed material facts of the National Postal Mail Handlers Union ("NPMHU"), and (ii) supplement to the statements of undisputed material facts of the NPMHU

and American Postal Workers Union, AFL-CIO ("APWU").

<h2 style="text-align:center">Response to the NPMHU's<br>Statement of Undisputed Material Facts</h2>

The Postal Service responds to, qualifies and/or supplements the NPMHU's statement of undisputed material facts as follows:[1]

<u>NPMHU Fact No. 4</u>. In addition to the National Agreements, which are bipartite, the Postal Service, NPMHU and APWU have also entered into tripartite national agreements setting forth, *inter alia,* the procedures for the bringing, processing and resolution of jurisdictional disputes. Declaration of Lawrence Hill ("Hill Decl."), Exs. 4-6.

<u>NPMHU Fact No. 5</u>. Article 15 of the National Agreements is not material to this dispute. As to many categories of grievances, Article 15 of the National Agreements sets forth the procedure for the bringing and processing of grievances, including cross-craft grievances, between a union and the Postal Service. However, grievances concerning jurisdictional disputes, as here, are governed by the tripartite Memorandum of Understanding ("MOU") concerning "Regional Instruction 399 - Dispute Resolution Procedures" ("RI-399 Dispute Resolution Procedures") and related documents. *See* Hill Exs. 4-6.

<u>NPMHU Fact Nos. 13 & 14</u>. The August 2000 Settlement Agreement states in pertinent part that "Regional and Local Dispute Resolution Committees are responsible for identifying [those] grievances" that do "not deal[] with jurisdictional issues." The agreement further states:

---

[1] Paragraphs from the NPMHU's Statement of Material Facts that are not specifically addressed herein are either not disputed by the Postal Service (*e.g.*, ¶¶ 1-4, 7-10, 12, 15, 21, 24-25 ), or contain facts that are not material to the resolution of this dispute (*e.g.*, ¶¶ 5, 6, 11, 16-20, 23, 26-27).

> [T]he parties must examine each case to determine whether it involves a jurisdictional dispute that must be resolved under RI-399 or whether it is a non-jurisdictional case that should be resolved under Article 15 of the appropriate National Agreement.

Hill Decl. Ex. 6 at ¶ 3. The Postal Service refers the Court to the August 2000 Settlement Agreement for the most complete and accurate statement of its contents.

NPMHU Fact No. 22. Arbitrator Schmertz presided over two days of hearings before rendering the Award. At the initial hearing before Arbitrator Schmertz on January 21, 2005, the Postal Service and APWU argued that the RI-399 dispute was untimely. Hill Decl. ¶ 25. The arbitrator decided to hear the merits only after determining this threshold issue of whether the dispute was untimely and therefore not arbitrable. *Id.* The February 16, 2005 hearing was therefore limited to that issue, and the Award addresses that threshold issue. *Id.*; Award (Hill Decl. Ex. 15; Declaration of Michael M. Gallagher ("Gallagher Decl.") Ex. 3 at 2.

NPMHU Fact No. 28. Paragraph 28 of the NPMHU's statement of undisputed material facts is incomplete. The Postal Service refers the Court to the Award itself for the most complete and accurate statement of its contents. Hill Decl. Ex. 15; Gallagher Decl. Ex. 3.

**Supplement to the APWU and NPMHU's Statements of Material Undisputed Facts**

In addition to the material facts set forth by the NPMHU that the Postal Service does not dispute, the Postal Service incorporates paragraphs 8 through 10 of the APWU's statement of undisputed material facts. The Postal Service supplements those parties' statements of undisputed material fact as follows:

1. Arbitrator Eric J. Schmertz is a regional level arbitrator authorized to "hear only jurisdictional cases." Hill Decl. Ex. 4 at NPMHU-0213.

2. The tripartite MOU concerning RI-399 Dispute Resolution Procedures and related tripartite documents relating to RI-399 set forth the exclusive procedures for resolving jurisdictional disputes among the parties. Hill Decl. Exs. 4, 5.

3. Arbitrator Schmertz found that the Postal Service "by unilateral, but undisputedly ***proper*** action . . . [removed] these cases from the [Article 15] contract Arbitration docket and referred both to the RI-399 forum." Award (Hill Decl. Ex. 15; Gallagher Decl. Ex. 3) at 3 (emphasis added).

4. Arbitrator Schmertz further concluded that "the <u>effect</u> of [the Postal Service's action in referring the disputes to the RI-399 forum] was [1] to place the Mail Handlers in a forum which ... made ***their jurisdictional claims*** regarding the Copy room and the Label room ***untimely*** and hence not arbitrable.... [and] [2] to deny the Mail Handlers access to a due process forum, ***either under RI-399 or under the collective bargaining agreement***." Award (Hill Decl. Ex. 15; Gallagher Decl. Ex. 3) at 6-7 (underline emphasis in original; italics-bold-underline emphasis added).

5. The arbitrator's finding that the NPMHU's "jurisdictional claims" were "untimely" was based on a bipartite letter agreement between the NPMHU and Postal Service dated November 24, 1992. Award (Hill Decl. Ex. 15; Gallagher Decl. Ex. 3) at 6-7. Specifically, the arbitrator found that he was "constrained to hold that this [bipartite] agreement between the Mail Handlers and the Service is enforceable as between these two entities and hence applicable between them in this case under RI-399." *Id.* at 6.

6. Hence, Arbitrator Schmertz stated that although he did "not have the authority to ignore the RI-399 time limits, because to do so would be to amend or vary the agreement of the

4

parties, and that is proscribed," he did "have the authority to reinstate or reactivate the adjudicatory forum in which the disputes remain arbitrable – namely the arbitration provisions of the collective bargaining agreement between the Mail Handlers and the Service." Award (Hill Decl. Ex. 15; Gallagher Decl. Ex. 3) at 7.

7. The arbitrator did not have authority – and cited none – to transfer the "jurisdictional claims" presented by the NPMHU's grievances to a bipartite arbitral forum. To the contrary, the tripartite agreements under which the parties defined the RI-399 dispute resolution process and authorized the arbitrator's appointment as an RI-399 arbitrator, specifically state that the RI-399 procedures establish a "new procedure for resolving jurisdictional disputes" (Hill Decl. Ex. 4 at NPMHU-0209) which, at the regional level, can only be adjudicated by arbitrators selected by all three parties to hear jurisdictional disputes (*id.* at NPMHU-0213). Hence, jurisdictional disputes cannot be adjudicated in a bipartite proceeding. *See also* Hill Decl. Ex. 5; Gallagher Decl. Ex. 2 (Question and Answer 3).

8. The RI-399 dispute resolution process set forth in the parties' tripartite agreements are the agreed upon and exclusive procedures for resolving jurisdictional disputes among the parties. *See* Hill Decl. Exs. 4-5; Gallagher Decl. ¶ 4 & Ex. 1-2.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar # 417787
Assistant United States Attorney
555 Fourth Street, NW, Tenth Floor
Washington, DC 20530
(202) 514-7198
Counsel for the U.S. Postal Service

Of Counsel:

TERESA A. GONSALVES
United States Postal Service
475 L'Enfant Plaza SW, Room 6424
Washington, DC 20260-1150
(202) 268-7252