UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,<br><br>    and<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendants. | Case No. 1:05-CV-01290 (RBW/ak) |

**DEFENDANT/COUNTER-CLAIMANT/CROSS-CLAIMANT
NATIONAL POSTAL MAIL HANDLERS UNION'S OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On June 30, 2006, Plaintiff American Postal Workers Union ("APWU") filed a motion for summary judgment and an accompanying memorandum in support thereof.  *See* Memorandum of APWU in Support of its Motion for Summary Judgment ("APWU S.J. Mem.") (d/e 21).  Defendant and Counter-Claimant/Cross-Claimant National Postal Mail Handlers Union (the "NPMHU") hereby submits this opposition to the APWU's motion.

### ARGUMENT

The APWU's memorandum in support of its motion for summary judgment is devoted largely to a showing that the "MOU on Dispute Resolution

1

Procedures supplanted the grievance-arbitration procedures under the [NP]MHU collective bargaining agreement with respect to all jurisdictional disputes." APWU S.J. Mem. at 8; *see also id.* at 12 (the RI-399 Dispute Resolution Procedures "were intended to be the exclusive procedures for resolving jurisdictional disputes among the parties"); *id.* at 13 ("The MOU on Dispute Resolution Procedures . . . is plainly a self-contained regime encompassing all jurisdictional disputes involving the parties"); *id.* at 15-16 ("the MOU completely supplanted – in legal terminology, preempted – the grievance-arbitration procedures under the [NP]MHU collective bargaining agreement . . . [with respect to] jurisdictional disputes").

This showing hardly is necessary, however, inasmuch as the NPMHU does not dispute – and never has disputed – that the RI-399 Dispute Resolution Procedures provide the exclusive forum for resolving jurisdictional disputes. The validity of that proposition simply is not at issue in this case.

What *is* at issue in this case is whether an RI-399 arbitrator (here, Arbitrator Eric Schmertz) has the authority to refer grievances for processing under the applicable National Agreement between the NPMHU or APWU and the Postal Service where, as here, the grievant union shows that its grievances do not in fact present "jurisdictional disputes," but rather present "cross-craft" disputes.[1] As to *that* issue, the APWU is largely silent, offering nothing more

---

[1] One would not know from reading the APWU's memorandum that there is a distinction between jurisdictional disputes and cross-craft disputes, but there is such a distinction, and it is a basic one. As the NPMHU explained in its opening memorandum, a jurisdictional dispute is one in which the grievant

2

than an *ipse dixit* assertion that RI-399 arbitrators lack such an authority. *See* APWU S.J. Mem. at 8 (point D); *id.* at 16 ("[s]econd" point). That *ipse dixit* assertion could not be more wrong.

As a threshold matter, it would seem clear that arbitrators have the *inherent* authority to determine that grievances submitted to them for resolution do not present the kind of dispute (here, a jurisdictional dispute) that they have been given the power to decide – but, instead, are grievances which present a different kind of dispute (here, a cross-craft dispute) that is subject to resolution in a different arbitral form – and, as a consequence of that determination, to remit the affected parties to that other arbitral forum for resolution of those grievances.

But the existence *vel non* of such an inherent authority is not something this Court need consider here, because it is even clearer that the authority of an RI-399 arbitrator to refer grievances presenting cross-craft disputes to the appropriate arbitral forum for the resolution of such disputes is part and parcel of an RI-399 arbitrator's *express* authority to "interpret[ ] and appl[y]," APWU S.J. Mem. at 16, the RI-399 Dispute Resolution Procedures that have been agreed to by the three parties to those procedures.

---

union seeks either to change what it acknowledges to be an established craft assignment in the other union's favor, or to determine an undecided craft assignment; whereas a cross-craft dispute is one in which the grievant union seeks to enforce what it contends is an established craft assignment in its favor.  *See* Memorandum in Support of NPMHU's Motion for Summary Judgment ("NPMHU S.J. Mem.") (d/e 22 attach. 1), at 2-4.

As explained in our opening memorandum, the three parties to the RI-399 Dispute Resolution Procedures have addressed the matter at issue head-on and explicitly agreed that "those grievances *not* dealing with jurisdictional issues [*i.e.,* cross-craft grievances] . . . *shall be removed* from the RI-399 Dispute Resolution Procedures *for further processing under the terms of Article 15 of the appropriate National Agreement.*"  See NPMHU S.J. Mem. at 6 (emphasis added).  That being so, the decision of an RI-399 arbitrator to enforce and uphold the parties' contractual agreement with respect to the proper procedural disposition of cross-craft grievances is, on the face of things, a decision that lies well with the arbitrator's *express* authority to "interpret[ ] and appl[y]" the parties' contractually-agreed-upon RI-399 Dispute Resolution Procedures.

Unsurprisingly given the foregoing, a number of RI-399 arbitrators – *and the APWU itself* – previously have recognized that RI-399 arbitrators *do* have the authority that the APWU now claims does not exist.  See NPMHU S.J. Mem. at 17-19.  Simply put, the existence of such an authority is beyond genuine debate.[2]

One final point bears discussion.  Although the APWU's memorandum in support of its motion for summary judgment does not even begin to make out a case for granting the extraordinary relief the APWU seeks – vacatur of a labor

---

[2] In any event, even if the issue of whether RI-399 arbitrators have such an authority were open to genuine debate – which it is not – there would be no colorable basis recognized in the law of judicial review of arbitral decisions for overriding the seemingly unanimous judgment of RI-399 arbitrators that they do have such an authority.  See NPMHU S.J. Mem. at 13, 15-16.

4

arbitration award – the subtext of that memorandum is that such extraordinary relief should be granted by this Court because otherwise some great harm and injustice would befall the APWU.  Nothing could be further from the truth.  Undersigned counsel has been authorized to represent that, given the circumstances of this case, the NPMHU will not object to the APWU's intervention in the Article 15 arbitration proceeding to which Arbitrator Schmertz has remitted the NPMHU and the Postal Service.  *Compare* APWU S.J. Mem. at 4, 11.  In that Article 15 arbitration proceeding, the NPMHU will bear the burden of proving up the merits of its cross-craft grievances – *i.e.*, it will bear the burden of proving that the Postal Service assigned the work in question to APWU members rather than NPMHU members in violation of an established craft assignment of that work to the NPMHU – and the APWU, assuming it chooses to intervene, will have a full and fair opportunity to rebut the NPMHU's cross-craft violation claim.

In short, the APWU's collateral attack on Arbitrator Schmertz' decision is as pointless as it is without legal foundation.

## CONCLUSION

For the foregoing reasons, and those stated in the NPMHU's opening memorandum, the Court should deny the APWU's motion for summary judgment and grant the NPMHU's cross-motion.

        Respectfully submitted,

        __/s/ Bruce R. Lerner___
        Bruce R. Lerner (D.C. Bar No. 384757)
        Lisa M. Powell
        Bredhoff & Kaiser, P.L.L.C.
        805 15th Street, NW, Suite 1000
        Washington, DC  20005
        Telephone: (202) 842-2600
        Facsimile: (202) 842-1888
        Email: blerner@bredhoff.com

        *Attorneys for Defendant*
        *National Postal Mail Handlers Union*

Dated:  August 14, 2006