UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
AMERICAN POSTAL WORKERS UNION,  )
AFL-CIO,                        )
                                )
                                )
                 Plaintiff,     )
                                )
        v.                      )   No. 1:05-CV-01290 (RBW)
                                )
NATIONAL POSTAL MAIL HANDLERS   )
UNION, A DIVISION OF LABORERS'  )
INTERNATIONAL UNION OF NORTH    )
AMERICA, AFL-CIO                )
                                )
        and                     )
                                )
UNITED STATES POSTAL SERVICE,   )
                                )
                 Defendants.    )
_____)
```

## OPPOSITION OF AMERICAN POSTAL WORKERS UNION, AFL-CIO, TO MOTION FOR SUMMARY JUDGMENT OF THE MAIL HANDLERS UNION

The American Postal Workers Union, AFL-CIO ("the APWU"), opposes the motion for summary judgment filed by the National Postal Mail Handlers Union, a Division of the Laborers' International Union, AFL-CIO ("the MHU") seeking enforcement of the award of arbitrator Eric J. Schmertz ("the Award"). The Award states: "The grievances of the Mail Handlers, regarding the staffing of the Label room and the Copy room are arbitrable under the [Mail Handlers'] collective bargaining agreement with the Postal Service but not arbitrable in the RI-399 Forum." Gallagher Dec. ¶ 10. The only issue for the Court to decide is whether the Award exceeded the arbitrator's authority under the

1

memorandum dated April 16, 1992, entitled "Memorandum of Understanding" pertaining to "Regional Instruction 399 - Dispute Resolution Procedures" ("the MOU on Dispute Resolution Procedures"). Id. ¶ 3, Exh. 1.

In connection with the APWU's motion for summary judgment, the APWU showed that the arbitrator's decision that the Mail Handlers' dispute was not arbitrable was correct (but not for the reason he gave), and that his additional order referring the dispute to the grievance-arbitration process under the Mail Handler's collective bargaining agreement with the Postal Service – to which the APWU is not a party – was impermissible under the MOU on Dispute Resolution Procedures because those procedures and the arbitration forum created by it are the exclusive procedures and forum for deciding jurisdictional disputes. The Award was in violation of the jurisdiction conferred on the arbitrator by the MOU on Dispute Resolution Procedures for the following reasons:

(A) The parties have agreed that under the MOU on Dispute Resolution Procedures all bilateral agreements such as the one relied on by Arbitrator Schmertz are null and void.

(B) The MOU on Dispute Resolution Procedures supplanted the grievance-arbitration procedures under the MHU collective bargaining agreement with respect to all jurisdictional disputes.

(C) The arbitrator was not empowered under the MOU on Dispute Resolution Procedures to direct a dispute to any grievance resolution process other than the one established by the MOU on Dispute Resolution Procedures.

2

(D) The MOU on Dispute Resolution Procedures did not grant the arbitrator jurisdiction to make a determination under the MHU-Postal Service collective bargaining agreement that the dispute before him could be heard in the grievance-arbitration procedures of the MHU-Postal Service collective bargaining agreement.

We also noted that the Postal Service agrees with the APWU that the Award was beyond the arbitrator's authority.

In deciding the timeliness of the grievances, Arbitrator Schmertz expressly relied on a bilateral agreement between the Postal Service and the MHU and found that the grievances were not arbitrable because they were filed more than 120 days after the November 24, 1992, agreement between the MHU and the Postal Service.[1]  Award at 5-6.  No party disputes the principle that it was improper for the arbitrator to rely on a bilateral agreement to decide a trilateral dispute under the MOU on Dispute Resolution Procedures.

In response, the MHU argues that the Award must be enforced because the Court should find that the Award was based on a finding that the dispute was in fact a "cross-craft" dispute (that is, one in which work jurisdiction is settled and the Postal Service violated the parties' mutual understanding of which craft had been assigned the functions at issue, but instead

---

[1]     The arbitrator also considered the argument that the disputes were untimely under a February 3, 1993, agreement between the MHU and the Postal Service, but found that the Postal Service had waived the claim.  Award at 4-5.

3

utilized the other craft in violation of Article 7.2 of the collective bargaining agreement).  The MHU contends that if there is **any** rationale to justify the Award – even one contrary the one the arbitrator himself gave for the Award – it should be upheld. The MHU argues that "courts must uphold the award if there is any 'possible interpretive route to the award' that is within the arbitrator's authority, even if the arbitrator did not articulate such reasoning."  MHU Br. at 14 (quoting <u>Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc.</u>, 935 F.2d 1501, 1505-06 (7th Cir. 1991)).  Here, however, the Award is not silent on the arbitrator's rationale.  The authorities relied on by the MHU cannot be stretched to reach a situation in which the issue before the arbitrator is clear and the discussion portion of the award explained that the basis of the ruling was timeliness under a bilateral agreement between the MHU and the Postal Service.

The undisputed facts show conclusively that **the only issue the parties submitted to Arbitrator Schmertz was whether the jurisdictional dispute before him was timely, and this was the only issue he decided.**

The MHU own advocate, Lawrence Hill, himself states in his declaration (¶ 25, emphasis added):

> Arbitrator Schmertz held hearings on the dispute on
> January 21, 2005 and February 18, 2005.  At the initial
> hearing on January 21, **the APWU and the [Postal
> Service] both argued that the dispute was untimely,** so
> **the arbitrator decided to first consider arbitrability
> during the February 18, 2005 hearing,** and only later to
> consider the merits of the dispute if it was determined
> to be arbitrable within the RI-399 dispute resolution
> process.

4

Clearly, the only "arbitrability" issue before Mr. Schmertz was timeliness, not whether the dispute was in reality a cross-craft grievance.

There is, moreover, absolutely no suggestion in the body of the Award that Mr. Schmertz was considering the argument that the disputes were not arbitrable because they were cross-craft disputes. And although the MHU brief mentioned the alleged cross-craft violation, the briefs filed by the APWU (Hill Dec. Exh. 13) and the Postal Service (id. Exh. 14) were properly limited to the issue which the parties placed before the arbitrator to decide, namely, the timeliness of the jurisdictional dispute.

An arbitrator's authority is, of course, confined to the matters submitted for decision. "Since the arbitrator's function, ordinarily and in this case, is limited to interpreting the contract, the court asked either to set aside or to enforce his award must make sure that he abided by that limit on his authority, for otherwise the award was made in violation of the agreement to arbitrate." Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc., 935 F.2d at 1505. Were the Award to be read as addressing anything other than the timeliness issue, it would be beyond his authority and therefore void for that reason alone.

Alternatively, the APWU suggests that, if the Court perceives some ambiguity in the Award, the Court should remand the matter to Arbitrator Schmertz for clarification. See, e.g.,

5

<u>Gault v. Libby-Owens-Ford Glass Co.</u>, 397 F.2d 439, 442 (7th Cir.), cert. denied, 393 U.S. 925 (1968) (remand permissible to avoid "any judicial second guessing as to the meaning of an award"); <u>American Postal Workers Union v. United States Postal Service</u>, 254 F. Supp. 2d. 12, 15 (D.D.C. 2003). ("Because of a remand's limited purpose, remand to clarify an ambiguity does not run afoul of the common-law doctrine of *functus officio*.").

CONCLUSION

For these reasons and those appearing in the record, including the briefs of the parties, the APWU's motion for summary judgment should be granted, and the MHU's cross-motion for summary judgment be denied.

Respectfully submitted,

/s/ Anton G. Hajjar

Anton G. Hajjar (D.C. Bar No. 359267)
O'DONNELL, SCHWARTZ & ANDERSON, PC
1300 L Street, NW, Suite 1200
Washington, D.C. 20005
Telephone (202) 898-1707
Facsimile (202) 682-9276
ahajjar@odsalaw.com

Dated: August 14, 2006