UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, <br><br>　　Plaintiff, <br><br>　　v. <br><br>NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, <br><br>　　and <br><br>UNITED STATES POSTAL SERVICE, <br><br>　　Defendants. | Case No. 1:05-CV-01290 (RBW/ak) |

**DEFENDANT/COUNTER-CLAIMANT/CROSS-CLAIMANT
NATIONAL POSTAL MAIL HANDLERS UNION'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

On August 11, 2006, the United States Postal Service ("Postal Service" or "USPS"), a nominal defendant herein, filed its brief in opposition to the Motion for Summary Judgment of Defendant/Counter-Claimant/Cross-Claimant National Postal Mail Handlers Union ("NPMHU") (d/e 22).  *See* USPS Opp. Mem. (d/e 24).  And, on August 14, 2006, the American Postal Workers Union ("APWU"), the plaintiff herein, filed its brief in opposition to the NPMHU's Summary Judgment Motion.  *See* APWU Opp. Mem. (d/e 26).  The NPMHU hereby submits this consolidated reply to both briefs in opposition, in which

1

the NPMHU shows that its Summary Judgment Motion is due to be granted (and the APWU's cross-motion denied).

## ARGUMENT

### A. Contrary to the APWU's and the Postal Service's Submissions, This Is Not the Exceptional Case in Which a Labor Arbitration Award Is Due To Be Vacated

The plaintiff APWU does not dispute, and the Postal Service affirmatively recognizes, *see* USPS Opp. Mem. at 4, that judicial review of labor arbitration awards is highly deferential and that vacatur of such an award is warranted only in truly exceptional circumstances. Nevertheless, both parties assert that this is the exceptional case in which the extraordinary remedy of vacatur of a labor arbitration award is justified. That assertion is wholly without merit.

1. In evaluating the APWU's and the Postal Service's assertion that vacatur of Arbitrator Schmertz' award is called for here, it is important to view the award in its proper context. The arbitration proceeding at issue arose out of two grievances filed in 1993 *by the NPMHU* at the Brooklyn, New York, General Mail Facility. Just as a plaintiff in court is the master of its complaint and as such is entitled to frame the issues as it wishes, a labor union is the master of its grievances, and as such is entitled to frame the issues as it wishes.

To be sure, labor union grievances are – as in this case – often handled by lay advocates, making it difficult at times to discern the true nature of the issues presented by the grievances. But no such difficulty exists here. While the grievances asserted by the NPMHU lay advocates in this case concededly

2

are not a model of clarity, an examination of the briefs, arguments, and other materials submitted to Arbitrator Schmertz in the arbitration proceeding leave no doubt that the essence of the NPMHU's grievances was that the jurisdiction of the work in question *had been definitively established* by national craft designations encompassing the work, and that the Postal Service's assignment of the work to APWU members instead of NPMHU members thus constituted *a cross-craft violation of the NPMHU-USPS National Agreement.*[1]  Specifically, the briefs, arguments, and other materials submitted to Arbitrator Schmertz clearly demonstrated the following salient points:

    a.    The underlying grievances at issue in the arbitration proceeding expressly were presented by the NPMHU as cross-craft grievances.  In this regard, the grievances alleged that the work in question "clearly [encompassed] Mail Handler functions"; and, in support of that allegation, cited five specific USPS national standard position descriptions encompassing those functions.  *See* Declaration of Lawrence Hill ("Hill Decl.") Ex. 7 at NPMHU 0048-49 (grievances), *id.* at 0041-47 (the five USPS national standard position descriptions).  Moreover, the grievances were treated as cross-craft grievances by the Postal Service and the NPMHU for more than five years, and they were

---

[1] Although we have stated it before, the essential difference between a cross-craft grievance and a jurisdictional dispute bears repeating here.  A jurisdictional dispute is one in which the grievant union seeks either to change what it acknowledges to be an established craft assignment in the other union's favor, or to determine an undecided craft assignment; whereas a cross-craft dispute is one in which the grievant union seeks to enforce what it contends is an established craft assignment in its favor.  *See* Memorandum in Support of the NPMHU's Motion for Summary Judgment ("NPMHU S.J. Mem.") (d/e 22 attach. 1), at 2-4.

3

scheduled for arbitration as cross-craft grievances under the NPMHU-USPS National Agreement in 1999. *See id.* at NPMHU 0050-54.

        b.     After the Postal Service referred the grievances to the RI-399 dispute resolution process shortly before the scheduled arbitration, *see id.* at NPMHU 0055, the NPMHU sought to have the grievances remanded to the Article 15 process[2] on the ground that a cross-craft violation remediable under Article 15 plainly had occurred. In support of that prayer for relief, the NPMHU's opening brief to Arbitrator Schmertz argued throughout that the grievances properly had been filed as cross-craft grievances because the work in question had been assigned to the Mail Handlers in USPS national standard position descriptions. *See* Hill Decl. Ex. 9 at 9 ("the NPMHU has enjoyed statutory primary craft designation recognized nationally in the disputed jobs"), 10 (although locally the work has not been officially designated for either union, "the NPMHU never lost it's (sic.) 'key position' nor it's (sic.) 'standard position status . . . given to the NPMHU at the national level"), 16 ("The APWU employees are clearly malingering on a cross craft basis in Mail Handler craft work secured by statute and national level recognition."), 20-21 (arguing that "the NMPHU has had primary craft designation for the copy and label maker jobs on a national basis for decades" and that the NPMHU thus properly filed a cross-craft grievance), 22 ("We believe that it is overwhelmingly clear that the NPMHU filed the proper grievance dispute.") (all emphases removed).

---

[2] To reiterate, Article 15 is the grievance-arbitration provision of the NPMHU-USPS National Agreement.

Indeed, the NPMHU submitted three Article 15 cross-craft arbitration awards with its opening brief, noting that one of the awards addressed "almost the identical issue" as the grievances that were before Arbitrator Schmertz. *See id.* Ex. 9 at 13 n.2 & App. B. And, the NPMHU's closing brief was dedicated almost entirely to the argument that the grievances properly were considered cross-craft grievances that should be returned to the Article 15 process for appropriate relief. *See id.* Ex. 12 at 3 ("The genesis of the cases involved cross-craft issues, not jurisdictional and that is at the core of the astute questions that the Arbitrator has posed before the proceedings on these issues.") (emphasis in original); *see also id.* at 3-16.

   c. At the same time, the NPMHU argued *in the alternative* that the dispute could be considered and decided in its favor *as a jurisdictional dispute*. Specifically, the NPMHU argued that even assuming the Postal Service had not committed a cross-craft violation by assigning work to APWU members that fell within the NPMHU's established jurisdiction – but instead had made a jurisdictional determination to change the established craft assignment for the work in question to the APWU – the arbitrator should uphold the NPMHU's grievances on the ground that the Postal Service had not followed the procedure required under RI-399 to change established craft assignments. *See* Hill Decl. Ex. 9 at 10-11, 15-16, 21-22 (Here there "is clearly a cross craft violation. However, if Doug Dawson [who referred the dispute to the RI-399 forum] is correct, then the RI-399 Inventory record must be set straight because he indeed referred it into the procedure pre-arbitration."); Ex. 12 at

5

14-16 (asking the arbitrator to either "refer the cases back into the Article 15 grievance procedure, *or* to render it a *jurisdictional case* that must be resolved under RI-399") (emphasis added).

   2.   To be sure, the Postal Service is correct that Arbitrator Schmertz' award does not expressly "state" – as a predicate for returning the NPMHU's grievances for resolution under the Article 15 process – that those grievances fairly raise "a cross-craft dispute" that is properly resolved in the Article 15 process rather than in the RI-399 process.  *See* USPS Opp. Mem. at 9.  However, against the factual backdrop set out in subsection A.1 above, there plainly is no merit in the Postal Service's argument that "two of Arbitrator Schmertz' statements from the award strongly suggest, if not dictate" a "belief" on the Arbitrator's part "that the NPMHU's grievances presented jurisdictional disputes" to the exclusion of "a cross-craft dispute."  *See id.* at 7-8; *see also id.* at 8 ("Given both of these statements, the very premise of the NPMHU's argument – that a cross-craft dispute is involved and therefore that Arbitrator Schmertz's transfer of that dispute to the bipartite Article 15 grievance-arbitration process was proper – falls apart.") (internal citation omitted).

   The Postal Service first seizes upon Arbitrator Schmertz' statement (made in describing the procedural background of the dispute) that the Postal Service's referral of the NPMHU's grievances to the RI-399 process was "proper," *see* USPS Opp. Mem. at 8, but the Postal Service has taken that statement wholly out of context.  Under a 1992 tripartite interpretive agreement governing the RI-399 process, a grievance "must be referred" to the

6

RI-399 process if "one of the parties [to that process] *believes* the issue in the grievance constitutes a jurisdictional dispute."  *See* Hill Decl. Ex. 5 at 1 (Q and A – RI-399 Dispute Resolution Procedures) (emphasis added).  Thus, the Postal Service's referral of the NPMHU's grievances to the RI-399 process concededly was "proper" in the sense of being clearly authorized by the interpretive agreement – without regard to the correctness of the Postal Service's "belie[f] [that] the issue in the grievance[s] constitutes a jurisdictional dispute."  That being so, the Arbitrator's recognition of the propriety of the referral does not speak one way or the other to the correctness of that Postal Service "belie[f]."

The Postal Service proceeds to focus on Arbitrator Schmertz' statement – indeed, his ultimate conclusion in the matter – that:

> the <u>effect</u> of [the Postal Service's action in referring the disputes to the RI-399 forum] was [1] to place the Mail Handlers in a forum which . . . made ***their jurisdictional claims*** regarding the Copy room and Label room ***untimely*** and hence not arbitrable . . . [and] [2] to deny the Mail Handlers access to a due process forum, ***either under RI-399 or under the collective bargaining agreement***.

USPS Opp. Mem. at 8 (ellipses, brackets, and all emphases in the original) (quoting Schmertz Award at 6-7).

But here again, the Postal Service misses the forest for the trees.  The Postal Service's *ipse dixit* assertion to the contrary notwithstanding, "[t]his [second] statement" by Arbitrator Schmertz can *not* fairly be read to "suggest[ ]" that the Arbitrator "believed that the NPMHU's claims were jurisdictional, and <u>not</u> cross-craft, in nature."  USPS Opp. Mem. at 8 (emphasis in original).  Rather, against the factual backdrop previously recited, the *only* fair reading of

7

"this [second] statement" is the following reading:  to the extent that the NPMHU was arguing *in the alternative* that its grievances should be upheld as presenting meritorious "jurisdictional claims," those jurisdictional claims were "untimely and hence not arbitrable" in the RI-399 process; *but* to the extent that the NPMHU was arguing *in the main* that its grievances should be upheld as presenting meritorious *cross-craft violation claims*, the NPMHU should not be denied "access to" the appropriate "due process forum" for resolving those cross-craft violation claims – *viz.*, Article 15 of the NPMHU-USPS National Agreement.

3.   In any event, it cannot be gainsaid given the factual backdrop previously recited that the foregoing reading of Arbitrator Schmertz' award is, at a bare minimum, a *permissible* reading of that award.  That being so, the award is due to be confirmed and enforced, and *not* vacated as the Postal Service and the APWU contend.

In this regard, two points of law are dispositive.  *First*, although the APWU contended in the arbitration proceeding and in its opening brief to this Court that an RI-399 arbitrator has no authority to return a grievance raising cross-craft violation claims for resolution under Article 15 of the appropriate National Agreement,[3] neither the APWU nor the Postal Service presses that claim in their opposition briefs.  And as we previously have shown, Arbitrator Schmertz unquestionably *did* have that authority to send the NPMHU's

---

[3] *See* Hill Decl. Ex. 10 (APWU Opening Statement), 13 (APWU Post-Hearing Brief); APWU S.J. Mem. (d/e 21) at 16.

8

grievances back to the Article 15 process to the extent they raise cross-craft issues.  *See* NPMHU S.J. Mem. at 16-20; NPMHU Opp. Memo. at 2-4.

*Second*, since Arbitrator Schmertz did have that authority, and since his award fairly can be interpreted as an exercise of that authority, the award is due to be upheld under well-established arbitral principles.  As the Seventh Circuit has held, and as we elaborated in our opening memorandum, a labor arbitration award *must* be confirmed if there is a "possible interpretive route to the award" that is within the arbitrator's authority – even if the arbitrator did not explain or even state the reasons underlying his/her award.  *See Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc.*, 935 F.2d 1501, 1506 (7th Cir. 1991); *see also* NPMHU S.J. Mem. at 13-14, 20-22; *infra* at 10-11.[4]

---

[4] The Postal Service mischaracterizes the NPMHU's argument in this critical regard.  Contrary to the Postal Service's contention, the NPMHU is *not* "seeking to have this Court make the factual determination that this case involves a cross-craft dispute."  *See* USPS Opp. Mem. at 9.  Rather, because there is an entirely lawful "possible interpretive route" to Arbitrator Schmertz' decision to return the NPMHU's grievances to the Article 15 process, the NPMHU is seeking to have this Court defer to that decision rather than determine the facts for itself *ab initio*.  *See* NPMHU S.J. Mem. at 11-13, 22-24.

The APWU, for its part, contends that even if the Arbitrator had articulated perfectly his decision to return the NPMHU's grievances to the Article 15 process, he still would have exceeded his authority under the circumstances presented because the *only* issue before him was "timeliness, not whether the dispute was in reality a cross-craft grievance."  *See* APWU Opp. Mem. at 5.  But this contention is equally wrong.  First and foremost, there is *no* evidentiary support for the APWU's assertion that the Arbitrator narrowed the subject of the hearing to timeliness exclusively rather than arbitrability more broadly.  In fact, all evidence in the arbitration record is to the contrary.  The award clearly states that the hearing addressed "arbitrability issues," (note the plural), and nothing in the award suggests that the first phase of the arbitration was narrowly limited to timeliness.  *See* Hill Decl. Ex. 15 (Schmertz Award) at 2 ("All parties agreed that the Arbitrator would first decide the *arbitrability issues*."); *see also id.* Ex. 9 (NPMHU Pre-Hearing Brief stating the "Issue" as "Are the two

9

4.      According to the Postal Service, the above-stated NPMHU argument fails because the NPMHU "is incorrect" in positing the legal principle that "'ambiguities in an arbitrator's statement of reasons for a decision' entitle a court to find any 'possible interpretive route to the award.'"  USPS Opp. Mem. at 11 (quoting NPMHU S.J. Mem. at 20-21).  Quite to the contrary, says the Postal Service, "[c]ourts [regularly] choose to remand ambiguous awards to the arbitrator for clarification."  *See id.* (providing a string citation of cases that purportedly evidence the NPMHU's misstatement of the law, and that purportedly show the propriety of a remand for clarification of any ambiguity in Arbitrator Schmertz' award).[5]

In point of fact, it is *the Postal Service* that "is incorrect" in stating the applicable law – as is clearly shown by the D.C. Circuit decision in *Sargent v.*

---

above-captioned cases, Label Room and Copy Duties *arbitrable* or not."); *id.* Ex. 14 at 1 (Postal Service Post-Hearing Brief with subject line, "Re: *Arbitrability* of Grievance…"); Hill Decl. ¶ 25 ("the arbitrator decided to first consider *arbitrability* during the February 18, 2005 hearing, and only later consider the merits of the dispute if it was determined to be arbitrable") (all emphases added).  Beyond that, the APWU offers no legal support for the proposition that an arbitrator yields the authority to determine arbitrability on one basis simply because he holds a hearing considering a separate potential problem with arbitrability.  Moreover, the issues of timeliness and the proper forum were inextricably intertwined here, given the Arbitrator's finding that the Postal Service waived its timeliness objection within the Article 15 process but not within the RI-399 forum.  *See id.* Ex. 15 at 4-5.

[5] The APWU, for its part, joins in the Postal Service's request that this Court "remand the matter for Arbitrator Schmertz for clarification" in the event that the Court "perceives some ambiguity in the Award."  *See* APWU Opp. Mem. at 5.  In support of that request, the APWU adds one Seventh Circuit case to the Postal Service's string citation of cases.  *See id.* at 5-6 (citing *Galt v. Libbey-Owens-Ford Glass Co.*, 397 F.2d 439 (7th Cir. 1968)).

*Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 532-33 (D.C. Cir. 1989), cited by the Postal Service itself at page 11 of its opposition brief.

In *Sargent*, the district court had ordered a remand to the arbitration panel on the ground that "in the absence of an explanation it could not be sure that the arbitrators had not exceeded their powers." *Id.* at 532 (internal quotation marks omitted). The Court of Appeals reversed and ordered the district court to confirm the award. *See id.* at 533. In so disposing of the case, the D.C. Circuit joined with the Second Circuit in holding "that arbitral awards may be made without explanation"; and that, accordingly, "so long as the [arbitration] record discloses a permissible route to the [arbitrator's] stated conclusion," it is "the district court's duty" to confirm the award (and reversible error for the district court to instead remand the matter to the arbitrator for clarification of his/her reasoning in issuing the award). *See id.* at 532-33.

That is *precisely* the legal principle on which the NPMHU's Summary Judgment Motion in this case rests. *See supra* at 8-9. And as the binding Circuit precedent set out above conclusively demonstrates, the NPMHU's statement of, and reliance on, that legal principle is by no means "incorrect."

In *Sargent*, we hasten to add, the D.C. Circuit squarely rejected the plaintiffs' reliance on a line of cases "approving remand of an arbitral award for clarification of its *meaning.*" *Id.* at 533 (emphasis in original). One of the cases in this line is the Seventh Circuit decision in *Galt*, 397 F.2d at 439, relied on by the APWU here. *See Sargent*, 882 F.2d at 533 & *supra* p. 9 n.3. And, as we

11

show in the margin, all of the other cases cited by the APWU and the Postal Service fall within this line as well.[6]

The APWU's and the Postal Service's reliance on this line of cases is equally inapt here, inasmuch as *the meaning* of Arbitrator Schmertz' award is clear and unambiguous.  Arbitrator Schmertz' award plainly *means* that the NPMHU's grievances have been returned to the appropriate due process forum (Article 15 of the NPMHU-USPS National Agreement) for resolution of the cross-craft violation claims asserted by the NPMHU in those grievances.[7]

---

[6] The Third Circuit decision relied on by the Postal Service best summarizes the legal principle stated by this line of cases as follows: "[W]hen *the remedy* awarded by the arbitrators is ambiguous, a remand for clarification of *the intended meaning* of an arbitration award is appropriate." *See Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 334 (3d Cir. 1991) (emphasis added).  But it cannot be gainsaid that all of the other cases in this line rest on that same legal principle.  *See U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822 (10th Cir. 2005) (remanding to address issues necessary to the calculation of damages); *M&C Corp. v. Erwin Behr GmbH & Co.*, 326 F.3d 772, 782 (6th Cir. 2003) (remanding to the district court to clarify its remand order to the arbitrator where the calculation of damages was disputed); *Green v. Ameritech Corp.*, 200 F.3d 967, 977 (6th Cir. 2000) (reversing district court vacatur of arbitration award, concluding that the arbitrator did not violate a specific contractual obligation to explain the award); *Bell Aerospace Co. Div. of Textron, Inc. v. Local 516*, 500 F.2d 921, 924 (2d Cir. 1974) (remanding to clarify an aspect of the award where one provision suggested one result and another suggested an incompatible result); *APWU v. USPS*, 254 F. Supp. 2d 12, 15 (D.D.C. 2003) (remanding for clarification of an award's remedy section where the Postal Service claimed it already had fulfilled the award and the APWU claimed that it had not).

[7] Of course, Arbitrator Schmertz' award *also* plainly means that the NPMHU's grievances are time-barred to the extent that they raise alternative jurisdictional claims.  That being so, to the extent this suit by the APWU to vacate Arbitrator Schmertz' award stems from a concern on the APWU's part that the arbitrator in the Article 15 process will reach out and decide jurisdictional issues that are not within his/her proper province, that concern would appear to be entirely misplaced.  And indeed, in the highly unlikely event that the arbitrator in the Article 15 process were to take such an inappropriate

12

\* \* \* \*

In sum, given the record before Arbitrator Schmertz at the time of his award, it is easy to discern "a permissible route," *Sargent*, 882 F.2d at 532, to the Arbitrator's decision to return the NPMHU's grievances for appropriate resolution under Article 15 of the NPMHU-USPS National Agreement. That being so, "the district court's duty [herein is] to grant the [NPMHU's] motion to confirm [Arbitrator Schmertz'] award." *Id.* at 533.

> **B.   There is No Merit in the APWU's and Postal Service's Argument That Arbitrator Schmertz' Award Should Be Vacated Because The Arbitrator Improperly Relied on a Bipartite Agreement Between the NPMHU and the Postal Service**

The APWU and the Postal Service also argue that Arbitrator Schmertz' award should be vacated because the Arbitrator relied on a bipartite agreement between the NPMHU and the Postal Service in reaching his conclusion that the NPMHU's grievances were untimely in the RI-399 forum. *See* APWU Opp. Mem. at 2 (Point A), 3 & 4; USPS Opp. Mem. at 5-6. There is no merit in this argument.

For present purposes, the NPMHU does not take issue with the APWU's and the Postal Service's contention that the bilateral agreement in question was void to the extent that it purported to alter the parties' obligations with respect to the time limits for asserting jurisdictional claims. But it cannot be gainsaid that any error in Arbitrator Schmertz' reliance on that bilateral agreement was harmless under the circumstances presented. Although the

---

step, *that* would present the exceptional occasion for vacatur of a labor arbitration award.

13

bilateral agreement purported to extend the time limit for filing jurisdictional claims, Arbitrator Schmertz *agreed* with the APWU and the Postal Service that the NPMHU's alternative jurisdictional claims were time-barred *even under the extended time limit*.  Thus, the APWU and Postal Service do *not* argue that they were harmed by the Arbitrator's reliance on the bilateral agreement, but complain only that the Arbitrator gave the wrong reason for reaching the correct result on the timeliness issue presented.  *See* APWU Opp. Mem. at 2 ("[T]he arbitrator's decision that the Mail Handlers' dispute was not arbitrable [in the RI-399 forum] was correct (but not for the reason he gave).")  Harmless error is *not* a valid ground for vacatur of an arbitration award.  *See, e.g.*, *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 243 (3d Cir. 2005); *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1134 (9th Cir. 2003).

In short, the bilateral agreement issue raised by the APWU and the Postal Service is a red herring.  The one and only genuine issue presented by this case is whether Arbitrator Schmertz exceeded his authority by returning the NPMHU's *non-time-barred* cross-craft violation claims for resolution under Article 15 of the NPMHU-USPS National Agreement.  As we have shown, Arbitrator Schmertz plainly did *not* exceed his authority in this respect.

## CONCLUSION

For the foregoing reasons, and those stated in the NPMHU's prior submissions, this Court should grant the NPMHU's Summary Judgment Motion (and deny the APWU's cross-motion).

        Respectfully submitted,

        __/s/ Bruce R. Lerner___
        Bruce R. Lerner (D.C. Bar No. 384757)
        Lisa M. Powell
        Bredhoff & Kaiser, P.L.L.C.
        805 15th Street, NW, Suite 1000
        Washington, DC  20005
        Telephone: (202) 842-2600
        Facsimile: (202) 842-1888
        Email: blerner@bredhoff.com

        *Attorneys for Defendant*
        *National Postal Mail Handlers Union*

Dated:  September 26, 2006