UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,  <br><br>Plaintiff & Counterclaim Defendant,<br><br>v.<br><br>NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,<br><br>Defendant & Counter-Claimant,<br><br>and<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant & Cross-Claim Defendant. | Civil Action No. 05-1290 (AK) |

**UNITED STATES POSTAL SERVICE'S SUPPLEMENTAL BRIEF
ON THE ISSUE OF REMAND WHERE ORIGINAL ARBITRATOR IS UNAVAILABLE**

Defendant United States Postal Service ("Postal Service") hereby submits the following supplemental brief in response to the Court's request, made at the December 7, 2006, hearing, that the parties submit supplemental briefing on the issue of whether a court may properly remand a dispute to the parties' arbitration process – in this case the regional RI-399 panel – rather than the arbitrator who issued the award, if that arbitrator, since issuing the award but before remand, has

resigned or otherwise become unavailable.

The Postal Service believes that vacatur is justified here for the reasons set forth in its opposition to the motion for summary judgment of the National Postal Mail Handlers Union ("NPMHU") and its response to the motion for summary judgment of the American Postal Worker Union's motion for summary judgment ("Postal Service Br."). Postal Service Br. at 5-10. The Supreme Court has sanctioned a court's use of remand in appropriate circumstances, such as when "procedural aberrations" are present in an arbitrator's award, *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 n. 10 (1987), or when the arbitrator's conclusions are "irrational," *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 511 (2001). *See also* authorities cited in Postal Service Br. at 10-11.

The Court has asked the parties to provide it with supplemental briefs addressing the issue of whether, in the event that a court finds an arbitration award to be ambiguous and in need of clarification, a court may properly remand a dispute to the parties' arbitration process – in this case the regional RI-399 panel – rather than the arbitrator who issued the award, if that arbitrator, since issuing the award but before remand, has resigned or otherwise become unavailable. The answer is yes.

Although there appears to be a dearth of authority, particularly in the D.C. Circuit, on the specific factual circumstance of an arbitrator's resignation, the Second, Third, Fourth, Seventh and Tenth Circuits have held generally that when an arbitrator becomes unavailable in the interim period between issuance of the award at issue and a court's remand, the proper course is to remand the dispute for a hearing before a new arbitrator or panel of arbitrators. *See U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822 (10th Cir. 2005) (fact that one of three arbitration panel members died prior to remand did not preclude remand in accordance with parties' agreement); *Island Creek Coal Co. v. Local Union 1254, United Mine Workers of Am.*, No. 94-1752, 1995 WL 543524 (4th Cir.

2

Sept. 14, 1995) (where arbitrator died while case pending on remand, district court's vacatur of award and remand to a new arbitrator for a *de novo* determination appropriate);[1] *Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 335 (3d Cir. 1991) (noting that district court has power to remand "upon a finding of ambiguity" and "[i[f the same arbitrators are unavailable, then the district court would be authorized to convene a new arbitration panel for the limited purpose of clarifying the ambiguity in the remedy provided in the first arbitration award"); *Pinkerton's NY Racing Sec. Serv., Inc. v. Local 32E Serv. Employees Int'l Union*, 805 F.2d 470, 474 (2d Cir. 1986) (instructing district court to remand issue of "what is a reasonable time to the original arbitrator, or, if the original arbitrator is unavailable, to a substitute arbitrator as agreed to by the parties"); *Ethyl Corp. v. United Steelworkers of Am.*, 768 F.2d 180, 187 (7th Cir. 1985) (a court has the power to remand an award for clarification to the original arbitrator or to "a substitute, if the original arbitrator is for some reason unavailable").[2]

As set forth in the Postal Service's brief, the Award is based on an irrational finding (*i.e.,* based on an improper, void bipartite agreement, the jurisdictional claims were untimely) and a procedural error (*i.e.,* the remand of a jurisdictional dispute to the parties' Article 15 process was

---

[1] As instructed by the Court at the hearing, on December 7, 2006, the Postal Service emailed counsel for the NPMHU and APWU copies of the two cases the Postal Service referenced during the hearing, *Island Creek Coal Co.* and *U.S. Energy Corp.*, on the issue of remand where one or more of the original arbitrators is unavailable.

[2] *See also United Govt. Sec. Officers of Am. v. Wackenhut Corp.*, No. 04-1858, 2005 WL 2104849, at *4 (D. Or. Aug. 29, 2005) (where original arbitrator died before deciding all issues in dispute, remand of remaining issue to another arbitrator selected in accordance with parties' collective bargaining agreement appropriate); *cf. Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 173-74 (2d Cir. 1984) (holding that parties' decision to hold *de novo* proceeding before new panel of arbitrators proper where two of three original arbitrators resigned; "we know of no authority that grants courts the power to force unwilling arbitrators to serve").

authorized, notwithstanding the fact that all parties agree that the RI-399 process is the "exclusive forum" for resolution of jurisdictional disputes). Hence, the Postal Service respectfully requests that, in the event the Court finds mere vacatur to be insufficient, the Court remand this dispute to a new RI-399 arbitrator in the same region for a *de novo* hearing.

                                            Respectfully submitted,

                                            /s/
                                        JEFFREY A. TAYLOR , D.C. Bar # 498610
                                        United States Attorney

                                            /s/
                                        RUDOLPH CONTRERAS, D.C. # 434122
                                        Assistant United States Attorney

                                            /s/
                                        CLAIRE WHITAKER, D.C. # 354530
                                        Assistant United States Attorney
                                        United States Attorneys Office
                                        Civil Division
                                        555 4th Street, N.W., Room E-4204
                                        Washington, D.C. 20530
                                        (202) 514-7137

Of Counsel:

TERESA A. GONSALVES
United States Postal Service
475 L'Enfant Plaza SW, Room 6424
Washington, DC 20260-1150
(202) 268-7252