```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

|  |  |
|---|---|
| AMERICAN POSTAL WORKERS UNION, ) | |
| AFL-CIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05-CV-01290 (RBW) |
| ) | |
| NATIONAL POSTAL MAIL HANDLERS ) | |
| UNION, A DIVISION OF LABORERS' ) | |
| INTERNATIONAL UNION OF NORTH ) | |
| AMERICA, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendants. ) | |

### POSITION OF THE AMERICAN POSTAL WORKERS UNION, AFL-CIO, ON REMAND TO AN RI-399 REGIONAL ARBITRATOR

The Court allowed the parties additional time to address the authorities cited by the United States Postal Service at the hearing on the motion for summary judgment filed by the American Postal Workers Union, AFL-CIO ("the APWU"), and the cross-motion for summary judgment filed by the National Postal Mail Handlers Union, a Division of the Laborers' International Union ("the MHU"). The problem which has arisen since the APWU filed this action is that Arbitrator Eric Schmertz is no longer on the Northeast Regional RI-399 panel of arbitrators. The Postal Service has suggested that an appropriate remedy in this case is to vacate the award and remand the matter for a hearing *de novo* before another arbitrator on the Northeast Regional RI-399 panel, and the authorities it has cited are supportive of that

conclusion. *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822 (10th Cir. 2005) (death of one of three members prior to remand did not preclude remand to parties' agreed upon arbitration process); *Island Creek Coal Co. v. Local Union 1254, United Mine Workers of Am.*, 1995 WL 543524 (4th Cir. 1995) (district court's order vacating award and remanding to a new arbitrator for a *de novo* determination appropriate where original arbitrator died while case pending on remand,). The APWU agrees with the Postal Service that remand for a *de novo* hearing before another RI-399 arbitrator in the same region is one possible remedy, but maintains that the Court should vacate the award whether or not the Court orders further proceedings before another arbitrator. The APWU reiterates its contention that the appropriate remedy is not for the Court to remand for arbitration but to vacate the Schmertz Award or deny enforcement of the Schmertz Award (which will have the same effect). Enforcing the award will result in a Postal Service-MHU selected arbitrator having to make a jurisdictional determination affecting the APWU. This is so because the only way a cross-craft dispute may be heard in bilateral arbitration is if craft jurisdiction is already settled. To decide a cross-craft dispute, a MHU-Postal Service arbitrator will necessarily have to make a threshold determination that the MHU or APWU has jurisdiction over the work; only then could the arbitrator find that the Postal Service improperly crossed crafts in assigning the work to the other craft. But the MOU on Dispute Resolution Procedures prohibits

non-RI-399 arbitrators from making this jurisdictional determination. All parties are in agreement that the RI-399 forum is the "exclusive forum" for resolving jurisdictional disputes. Under the MOU, jurisdictional determinations may be made only by a trilaterally-selected RI-399 arbitrators. Allowing the APWU to intervene in the MHU-Postal Service arbitration under Article 15, as the MHU has suggested (for this case only) does not cure the problem. Instead, remand to the Article 15 process revives the very problem that the MOU on Dispute Resolution Procedures was intended to cure. The APWU therefore asks the Court to resist opening a breach in the jurisdictional wall painstakingly erected by the parties.

> Respectfully submitted,
> /s/ Anton G. Hajjar
> _____
> Anton G. Hajjar (D.C. Bar No. 359267)
> O'DONNELL, SCHWARTZ & ANDERSON, PC
> 1300 L Street, NW, Suite 200
> Washington, D.C.  20005-4178
> Telephone (202) 898-1707
> Facsimile (202) 682-9276
> ahajjar@odsalaw.com

Dated: December 22, 2006