UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:05-CV-01290 (RBW/ak) |
| NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, | )<br>)<br>)<br>)<br>) |
| and | ) |
| UNITED STATES POSTAL SERVICE, | )<br>) |
| Defendants. | ) |

**SUPPLEMENTAL POST-HEARING BRIEF OF
THE NATIONAL POSTAL MAIL HANDLERS UNION**

Pursuant to this Court's request, the National Postal Mail Handlers Union ("NPMHU") hereby submits this supplemental post-hearing brief.

<u>INTRODUCTION</u>

On December 7, 2006, this Court held a hearing on pending cross-motions for summary judgment in this case involving a challenge to a labor arbitration award issued by a then-member of the parties' "RI-399" arbitration panel, Arbitrator Eric Schmertz. Proceeding on the premise that a remand for clarification of the reasoning behind Arbitrator Schmertz' award would have been appropriate had Arbitrator Schmertz not resigned his position as an RI-

399 arbitrator subsequent to issuing the challenged award, counsel for the American Postal Workers Union ("APWU") argued at the December 7 hearing that such a remand no longer was appropriate in light of the Arbitrator's resignation. Counsel for the United States Postal Service ("Postal Service"), proceeding on the same premise, disagreed with counsel for the APWU regarding the consequences that flow from Arbitrator Schmertz' resignation— stating that she was aware of at least two cases standing for the proposition that a remand for clarification of the reasoning behind Arbitrator Schmertz' award was appropriate notwithstanding the Arbitrator's resignation.

At the conclusion of the December 7 hearing, the Court directed the Postal Service to provide the APWU and the NPMHU with citations to these two cases, which the Postal Service has done. (The cases are: *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822 (10th Cir. 2005), and *Island Creek Coal Co. v. United Mine Workers of America*, No. 94-1752, 1995 U.S. App. LEXIS 25965 (4th Cir. Sept. 14, 1995)). And, the Court requested that each of the parties submit a supplemental post-hearing brief addressing the point of disagreement between the APWU and the Postal Service regarding the consequences (if any) that flow from Arbitrator Schmertz' resignation.

ARGUMENT

I.

The disagreement between the APWU and the Postal Service over the consequences that flow from Arbitrator Schmertz' resignation is a purely academic one that this Court need not resolve, because the premise that gives

rise to that disagreement is demonstrably false.  Contrary to both the APWU's and the Postal Service's submissions in this case, it would not be appropriate for this Court to remand for clarification of the reasoning behind Arbitrator Schmertz' award whether or not he had resigned his position as an RI-399 arbitrator.  That being so, the fact of Arbitrator Schmertz' resignation is wholly irrelevant to the proper disposition of the cross-motions for summary judgment pending before the Court.

The reasons why such a remand would be inappropriate (and, indeed, would constitute reversible error) are set out in full in the NPMHU's Reply Brief in Support of its Motion for Summary Judgment (d/e 28), and can be briefly summarized as follows:  Given the record before Arbitrator Schmertz when he issued his award, *see* NPMHU Reply Brief at 2-6, that award permissibly can be read as a valid exercise of Arbitrator Schmertz' unquestionable authority to return grievances raising cross-craft violation claims for resolution under Article 15 of the appropriate National Agreement, *see id.* at 6-9.  That being so, under this Circuit's controlling decision in *Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529 (D.C. Cir. 1989), it is this Court's "duty" to confirm and enforce Arbitrator Schmertz' award, and reversible error to instead remand the matter for clarification of the reasoning behind that award.  *See id.* at 532-33; *see also* NPMHU Reply Brief at 9-13.

Given what transpired at the December 7 hearing and given the Postal Service's provision of supplemental authorities, we believe it is appropriate to supplement the showing in our Reply Brief on this point in two respects.

3

*First*, at the hearing, the Postal Service forcefully pressed an argument hinted at but not affirmatively stated in its brief to this Court—to wit, that Arbitrator Schmertz' award should, at a minimum, be remanded for clarification because Arbitrator Schmertz failed to make an "express finding" that the NPMHU grievances at issue raised bona fide cross-craft violation claims appropriate for resolution in an Article 15 proceeding rather than in an RI-399 proceeding.  There is no merit in this last-ditch argument.

To be sure, the parties to an arbitration agreement are free in drafting the agreement to impose a duty on arbitrators appointed thereunder to explain their decisions or to make certain express findings—in which case an arbitrator's violation of that contractually-imposed duty would warrant a remand for clarification.  *See, e.g., Green v. Ameritech Corp.*, 200 F.3d 967, 977 & n.9 (6th Cir. 2000).  But the Postal Service has pointed to nothing in the tripartite arbitration agreement between the APWU, the NPMHU, and the Postal Service that imposes a contractual duty on RI-399 arbitrators to make the kind of "express finding" argued for by the Postal Service as a pre-condition for returning grievances for resolution under Article 15—which is unsurprising, because there is nothing.[1]  In the absence of such a contractually-imposed duty, an RI-399 arbitrator is *not* required to make any such "express finding" or to otherwise explain his/her decision to return grievances for resolution

---

[1] An August 2000 settlement agreement between the three parties expressly provides that grievances that are referred to the RI-399 process but that do not deal with jurisdictional issues shall be returned to the Article 15 process, without imposing *any* contractual duty that there be an "express finding" as to the Article 15 issue involved.   *See* NPMHU S.J. Mem. (d/e 22 attach. 1) at 6, 17; Declaration of Lawrence Hill Ex. 6 (settlement agreement).

4

under Article 15, and the arbitrator's decision to grant such relief is due to be confirmed and enforced if—as we have shown to be the case here—the arbitration record discloses a permissible path to the arbitrator's decision.  *See* NPMHU Reply Brief at 9-13; *see also Green,* 200 F.3d at 976-78 & n.9.

*Second,* to the extent that the unpublished Fourth Circuit decision cited by the Postal Service as supplemental authority is contrary to the D.C. Circuit's decision in *Sargent* in the foregoing respect, *see Island Creek Coal Co., supra,* 1995 U.S. App. LEXIS 25965, at * 6-7, this Court is of course bound to follow the *Sargent* decision.

## II.

Assuming *arguendo* and contrary to what we have shown that a remand for clarification of the reasoning behind Arbitrator Schmertz' award would have been appropriate had Arbitrator Schmertz not resigned his position as an RI-399 arbitrator—and without waiver of the NPMHU's argument that any such remand would, in the circumstances of this case, constitute reversible error— the NPMHU offers the following brief observations respecting the disagreement between the APWU and the Postal Service over the consequences that flow from Arbitrator Schmertz' resignation.

The two cases cited by the Postal Service as supplemental authority stand only for the narrow proposition that where an arbitrator dies or otherwise becomes incapacitated after rendering an arbitration award that is challenged in court, and the court properly concludes that a remand for clarification of the award is warranted, the appropriate course of action is for

5

the court to remand the matter to a new arbitrator. *See U.S. Energy Corp., supra*, 400 F.3d at 832; *Island Creek Coal Co., supra*, 1995 U.S. App. LEXIS 25965, at *3-4. These cases are inapposite here, inasmuch as Arbitrator Schmertz has neither died nor become incapacitated, but rather simply has resigned his position as an RI-399 arbitrator.

     In cases (this is not such a case, we reiterate) where a remand for clarification of a challenged arbitration award is proper, but the arbitrator has resigned his/her position subsequent to issuing the award, the appropriate course of action for the court to follow, we submit, is this: Remand the matter to the original arbitrator who issued the challenged award, with the stipulation that if the original arbitrator declines to entertain the matter on remand owing to his/her resignation, the parties must promptly refer the matter to a new arbitrator for decision.[2] That course of action makes abundant good sense for two principal reasons. First, to the extent that the original arbitrator who issued the challenged award is prepared to entertain the matter on remand notwithstanding his/her resignation, he/she obviously is positioned to deal with the matter on a much more efficient basis than a new arbitrator, who would be required to hear the matter anew. Second, a contrary rule, under which the original arbitrator would be disqualified from handling the matter on remand owing to his/her resignation, would create a perverse incentive on the

---

[2] It does not strike us as unrealistic that an arbitrator who has resigned would agree upon judicial request to clarify an award previously issued, although that arbitrator has by virtue of his/her resignation evinced an unwillingness to hear and decide new cases arising under the parties' arbitration agreement.

part of the litigant dissatisfied with the original arbitrator's decision to take steps to precipitate that arbitrator's resignation.

## CONCLUSION

For the foregoing reasons, and those stated by the NPMHU in its prior submissions and at the December 7 hearing, this Court should grant the NPMHU's summary judgment motion and deny the APWU's cross-motion.

Respectfully submitted,

__/s/ Lisa M. Powell___
Bruce R. Lerner (D.C. Bar No. 384757)
Lisa M. Powell (D.C. Bar No. 498601)
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, NW, Suite 1000
Washington, DC  20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
Email: lpowell@bredhoff.com

*Counsel for the NPMHU*

Dated:  December 22, 2006